John E. Gormany, *et al v.* P. F. Ryan; Admr., etc. *et al.*

(*Knoxville*, September Term, 1926.)

Opinion filed October 16, 1926.

**SUPREME COURT. Jurisdiction. Acts 1925, ch. 100. Construction.**
The jurisdiction on appeal as between the appellate courts, turn on the method of procedure in the trial court, whether or not the issues have been there presented and considered by such a method as did not call for a consideration, "review or determination" of questions of fact. The word "review" is not synonymous with the word "determination," used in the Act 1925, ch. 100, and must be given effect. (Post, p. 433.)

---

FROM SULLIVAN.

---

Appeal from Chancery Court of Sullivan County.— Hon. H. T. Campbell, Special Chancellor.

Burrow & Burrow, for plaintiff appellants.

St. John & Gore, for defendant appellee.

Mr. Justice Alex W. Chambliss delivered the opinion of the Court.

This cause was appealed to the Court of Appeals and by that court transferred here on the theory that a question of law only is involved. This court has jurisdiction in exceptional cases only. The instant case was not disposed of in the trial court on demurrer, or on a stipulation of facts. Was it disposed of there on a "method not involving a review or determination of the facts?" Chap-

ter 100, Acts 1925. The word "review" is not synonymous with the word "determination," used in the act, and must be given effect.

The main issue was one of fact involving an accounting and was properly referred to the Master, who took proof and filed his report showing the amount of the indebtedness of an estate. This report was confirmed by the Chancellor, and from his decree fixing the amount of the debts this appeal was taken. However, it appears that incident to the proceedings exceptions were taken to proof offered, which exceptions were overruled by the Chancellor and the proof admitted.

It is here said that the action of the Chancellor on these exceptions was a matter of law and was, in effect, determinative of the controversy, for the reason that an examination of the record will disclose that the proof so excepted to was all of the material proof offered. Granting this to be true, it must be remembered that the jurisdiction on appeal as between the appellate courts turns on the method of procedure in the trial court—whether or not the issues have been there presented and considered by such a method as did not call for a consideration, "review or determination" of questions of fact. Obviously in the instant case the Chancellor had to pass on and determined an issue of fact—the amount of the debts of this estate. His decree fixed the amount. The incidental or collateral question presented by the exceptions, going to the admissibility of evidence in the course of the proceedings, does not, in our opinion, bring the cause within the statutory exception conferring jurisdiction on this court—despite the apparently well-founded suggestion that this particular ruling of the trial court was, in effect, determi-

154 Tenn.—28.

native. It often appears that the conclusion or determination of a case tried on the facts, and with a number of witnesses, turns on one or more rulings of the trial court on objections to testimony, but this does not operate to deprive the Court of Appeals of jurisdiction and to vest it here. Manifestly it was not the intention of the Legislature to limit in any sense the jurisdiction of the Court of Appeals to questions of fact merely. There is no warrant for so construing the creating Act as to thus minimize the prerogatives of that court of great dignity and high authority. After careful consideration we feel constrained to remand the cause to the Court of Appeals.