EDWIN K. CREASY *v.* COMARGO COAL COMPANY *et al.*\*

(*Knoxville*, September Term, 1926.)

Opinion filed October 16, 1926.

**1. SUPREME COURT. Appellate jurisdiction.**

An appeal lies direct to Supreme Court from decree in trial court involving questions of fact, where all of the facts are stipulated. Not where stipulation appearing in record does not purport to contain all the facts, and additional evidence is introduced. (Post, p. 374.)

Citing: Acts 1925, ch. 100, sec. 10.

**2. SAME. Questions of law. Court of Appeals.**

The idea entertained by the Court of Appeals that an appeal lies to Supreme Court in every instance in which a question of law is involved, was rejected by this court. (Post, p. 374.)

Citing: Dan Cox et ux. v. L. A. Smith, 154 Tenn. 369.)

---

\*Headnote 1. Courts, 15 C. J., section 552.

---

FROM KNOX.

---

Appeal from Chancery Court of Knox County. Transferred to Supreme Court by Order of Court of Appeals.—HON. CHARLES HAYS BROWN, Chancellor.

LEE, PRICE & MEEK, for appellants.

POWERS & THORNBURG, for appellees.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

Complainant, by the bill in this cause, sought to recover a money decree against the defendant in the sum of $2,044.69, based largely upon a written guaranty.

The chancellor entered a decree in favor of complainant for $200, said decree containing the following recital:

"This cause came on to be heard before the Honorable Charles Hays Brown, Chancellor, holding the chancery court for Knox county, Tennessee, this 10th day of November, 1924, on the regular call of the docket, upon the original bill, and sworn answer of the defendant, stipulation of counsel, and proof on file, and the entire record in the cause, from all of which, it is ordered, adjudged and decreed by the court, that said Comargo Coal Company has already responded and paid, under its written guarantee to the complainant, the sum of $2800, and had tendered a balance of $200 before suit, and had kept up said tender."

The cause was appealed to the Court of Appeals. That court ordered the cause transferred to this court, and, in its opinion, said:

"It is true that in this cause all of the facts were not stipulated because, as stated, one deposition was taken and a few additional facts concerning the surrounding circumstances and situation of the parties at the time of the execution of the written guarantee were proven. But no counter or conflicting evidence was introduced and there was no issue of fact whatever, except as to the proper construction of the written guarantee in the light of the surrounding facts, circumstances and situation of the parties about which there was no issue or controversy between the parties to the suit. The issue, within the contemplation of section 10 of the Act, was one

of law rather than of fact, and this being true, we think that the legislative intention was that such an appeal as the present one should lie to the Supreme Court instead of to this court.''

The language contained in section 10 of chapter 100 of the Acts of 1925 is plain, and provides for an appeal to this court in certain specified cases, not necessary to enumerate here, and ''excepting cases which have been finally determined in the lower court on demurrer or other method not involving a review or determination of the facts, or in which all of the facts have been stipulated.''

In one instance the appeal is direct to this court where the case was not determined in the lower court upon the facts; and the other instance, and the only one in which an appeal lies direct to this court from a decree in the trial court involving questions of fact, is where all of the facts are stipulated.

The stipulation appearing in this record does not purport to contain all the facts, and it was not so intended. The defendant was not willing to go to trial on the facts appearing in the stipulation, but introduced additional evidence.

Where a cause is finally determined in the lower court upon the facts an appeal will lie to this court only where all of the facts were stipulated.

The idea, entertained by the Court of Appeals, that an appeal lies to this court in every instance in which a question of law only is involved was rejected by this court in the recent case of *Dan Cox et ux.* v. *L. A. Smith,* Hamblen Equity, decided on October the 9th.

It results that the cause will be remanded to the Court of Appeals for a decision upon the merits.