ROY E. JOHNSON *v.* EDWIN W. STUART, *et al.*\*

(*Knoxville.*   September Term, 1927.)

Opinion filed October 15, 1927.

**JURISDICTION.   Court of Appeals.**

Action was on an account.  Set-off was the defense.  Questions both of law and fact were involved.  The facts were not stipulated in court below.  The plaintiff appealed to Supreme Court.  **Held:** such case is not within the exception but appeal lies to Court of Appeals.  (Post, p. 620.)

Citing: Acts 1925, chapter 100, sec. 10; Gormany v. Ryan, 154 Tenn. (1 Smith), 432; Cox v. Smith, 154 Tenn. (1 Smith), 369.

---

\*Headnote 1. Courts, 15 C. J., section 552.

---

FROM HAMILTON.

---

Appeal from the Circuit Court of Hamilton County.— HON. OSCAR YARNELL, Judge.

J. W. THOMPSON, for plaintiff.

SAM H. FORD, for defendant.

MR. JUSTICE McKINNEY deliverd the opinion of the Court.

Plaintiff sued defendants to recover $193.75 due by account.

Defendants sought by set-off to recover from plaintiff eight items aggregating $518.90.

The trial court entered a judgment in favor of defendants for $325.15, and plaintiff appealed direct to this court.

All of these items grew out of real estate transactions, the eight items pleaded by way of set-off being claims for commissioners on real estate sales. The various deals were consummated between February 21 and October 17, 1923. During a part of this period plaintiff was in the employ of defendants and was to give them twenty-five per cent of his commissions.

One of the defenses to the plea of set-off was that defendants were precluded because, at the time of these various transactions, they had not paid the privilege tax required of real estate dealers.

It appears that defendants paid no tax for the year beginning April 1, 1922, and ending March 31, 1923, and that they paid the tax for the year beginning April 1, 1923, and ending March 31, 1924, on September 16, 1924 which was prior to the date on which their plea of set-off was filed. The trial court held this sufficient, and that presents the question of law in the case. But there are also questions of fact.

The plaintiff insists that even though the legal question be decided against him the court committed error in allowing the two first items of $93.75 and $62.50, because those transactions were had on February 21, 1923, and that defendants at no time paid the tax covering that period.

The plaintiff further contends that the two last items of $81.20 each involved transactions on August 27 and October 17, 1923, and that he was not in the employ of the defendants at those dates, and that those sales were on his own account.

It will thus be seen that there is not only a controverted question of law involved, but controverted questions of fact, and the case does not, therefore, involve solely a question of law. But if it did jurisdiction lies in the Court of Appeals.

Section 10 of chapter 100 of the Acts of 1925 provides as follows:

"Be it further enacted, The jurisdiction of the Court of Appeals shall be appellate only, and shall extend to all civil cases except those involving constitutional questions, the right to hold a public office, workmen's compensation, State revenue, mandamus, proceedings in the nature of *quo warranto,* ouster, *habeas corpus,* and excepting cases which have been finally determined in the lower court on demurrer, or other method not involving a review or determination of the facts, or in which all of the facts have been stipulated," etc.

The foregoing provision clearly and explicitly confers jurisdiction on this court only (1) where the facts were stipulated in the trial court or (2) where the case was finally determined in the trial court without any consideration of the facts.

In the case under consideration the facts were not stipulated in the trial court, but in determining the case the trial court considered the facts; hence the case should have been appealed to the Court of Appeals, and an order will be entered transferring it to that court.

This construction of the act was announced in *Gormany* v. *Ryan,* 154 Tenn., 432, and *Cox* v. *Smith,* 154 Tenn., 369.

Even though upon appeal a question of law only is involved jurisdiction will not lie in this court if the trial court considered the facts, unless the facts were stipulated in the later court.

All concur.