CUMBERLAND TRUST COMPANY, COMPLAINANT, APPELLANT, *v.* MORRIS BART *et al.*, DEFENDANTS, APPELLEES.

(*Knoxville,* September Term, 1931.)

Opinion filed November 14, 1931.

Green, Webb & Bass and W. A. DeGroat, for complainant, appellant.

H. T. Kern, I. B. Finklestein and J. Pike Powers, for defendants, appellees.

Mr. Justice Chambliss delivered the opinion of the Court.

The bill was brought to subject certain rents on valuable property in Knoxville, following foreclosure proceedings, and the bankruptcy of Bart, the former owner. The Chancellor decreed for the defendant, and complainant has appealed.

This Court is without jurisdiction to entertain this appeal in view of the limitations imposed by Section 10, Chapter 100 of the Acts of 1925, conferring jurisdiction on the Court of Appeals, except in cases "which have been finally determined in the lower court on demurrer or other method not involving a review or determination of the facts, *or in which all the facts have been stipulated.*"

It is obvious that the trial of this case involved a review of the facts, and if it is within the exception at all, it must be because it comes within the provision we have italicized. Learned counsel bring the cause here on this theory, but while the record contains a stipulation that "this case shall be tried, heard and determined on the following agreed statement of facts," this paper calls for consideration, in its different paragraphs, of the deposition of Morris Bart, previously taken in this cause, the deposition of H. L. Dulin taken in another cause, all the "petitions, reports, and orders in this cause," etc. The record also contains certain "exhibits" introduced with a stipulation that they are introduced and to be considered by agreement, etc.

Counsel call attention to this recital in the decree of the Chancellor allowing the appeal to this Court,—"there being no controversy whatever as to the facts of the case," which follows, however, a recital in the opening part of the decree in these words:

"This cause came on to be heard before the Hon. Robert M. Jones, Chancellor, this day upon the original bill of the complainants, the answer of the defendants the deposition of Morris Bart, the agreed statement of facts, including the deeds of trust and promissory notes taken and filed in the case of *Harriet W. Ransom, Executrix, etc.,* v. *Knoxville Investment Corporation,* No. 23365, on the Rule Docket of the Chancery Court of Knox County, Tennessee, and the pleadings and process and decrees in said case, showing that Morris Bart and wife were parties defendant therein, and the answer of the Cumberland Trust Company filed in said case, together with mortgages of the Cumberland Trust Company and notes which the same secure, and upon briefs

and argument of counsel for both parties. Upon consideration of all which, it is accordingly ordered, adjudged and decreed by the Court that the allegations of the complainants' bill are fully met by the answer and the amendment to the answer allowed at the time of the trial and are not sustained by the proof in the case; but on the other hand the Court is of opinion that the merits of the case are with the defendant. It is, therefore, accordingly ordered, adjudged and decreed that the bill of the complainants be and it is hereby dismissed," etc.

It appears, then, that the case was not determined in the lower court in the manner prescribed by the statute as quoted above. It was not a hearing before the Chancellor in which all of the facts had been stipulated. The situation here presented is, that after reviewing the facts brought before him by the depositions and the agreements, he found that there was no controversy or dispute as to the facts, and to this counsel appear to agree on this appeal and present to this Court the questions of law. A distinction must be recognized between a stipulation of what the facts are, and an agreement that certain depositions, exhibits, etc., shall be looked to as showing or establishing what the facts are. This is done, in effect, whenever counsel rest in the presentation of their respective proof. They thereby submit the case for determination on the evidence adduced to the exclusion of other evidence.

■ As emphasized in several of our cases, jurisdiction on appeal turns on the method of trial in the lower court, and cannot be conferred by agreement or a stipulation of the facts following that trial. *Creasy* v. *Comargo Coal Co.*, 154 Tenn., 372, is much in point, and in the same volume see *Cox* v. *Smith*, page 369, and *Garmany*

v. *Ryan,* page 432; also, *Garrett* v. *Garrett,* 156 Tenn., 253, wherein it was pointed out that, "the jurisdiction of this Court is not saved by the circumstance that no question of fact is involved on appeal." In the instant case, it appears that no facts are in dispute here, and, as before suggested, when the case had been heard below, court and counsel were apparently agreed that the record presented "no controversy whatever as to the facts of the case," but, nevertheless, the case was heard not on a stipulation of all of the facts, but on a record made up of stipulated items of evidence which were to be looked to by the Chancellor in determining the law and the facts.

The case must be transferred to the docket of the Court of Appeals.