In re DE FRANCESCHI'S ESTATE.—70 S. W. (2d) 513.

Western Section.   December 22, 1933.

Petition for Certiorari denied by Supreme Court, March 24, 1934.

Randolph & Clifton, of Memphis, for plaintiff in error.

Goodman & Galella, L. E. Polk, and Wm. A. Percy, all of Memphis, for defendant in error.

SENTER, J. This is an appeal from a decree entered in the probate court of Shelby county, Tennessee, on June 23, 1932, admitting to probate in solemn form a copy of the holographic will of Antonio de Franceschi, deceased, and the probate thereof in the courts of the kingdom of Italy.

It appears that Antonio de Franceschi, a resident of Shelby county, Tennessee, died on the 17th day of November, 1931, while on a visit to the town of Lestans, in the kingdom of Italy, leaving surviving him a widow and nine children, six of whom were adults and three of whom were minors under the age of twenty-one years. It appears that, upon learning of the death of her husband, the widow, Bertha de Franceschi, applied for appointment in the probate court of Shelby county, Tennessee, as administratrix of the estate of her deceased husband. This was upon the assumption that Antonio de Franceschi died while on a visit in Italy, intestate. Upon her petition she was duly appointed the administratrix of the estate, and letters of administration duly issued to her by the probate court of Shelby county, Tennessee, on the 3rd day of December, 1931. Subsequently, the family received information that Antonio de Franceschi did not die intestate, and that some proceedings with reference to a holographic will said to have been executed by him occurred in Lestans, in Italy. Investigation was made, and thereupon, on June 17, 1932, a petition was filed in the probate court of Shelby county, by Pietro de Franceschi, a son of the deceased, setting out that a holographic will had been found upon the body of Antonio de Franceschi, and that said holographic will had been probated in Spilimbergo, province of Udine, Italy, on March 1, 1932; an alleged certified copy with the alleged Italian probate with alleged proper authentication was filed with said petition. No executor having been named in the alleged will, the petitioner prayed that he be appointed the administrator cum testamento annexo, and that said certified copy of the probate from Italy be admitted to probate in the probate court of Shelby county, Tennessee. All of the adult heirs, including the widow, jointed in the petition; the widow specifically waiving her rights to administer in favor of said petitioner, Pietro de Franceschi. Process on said petition was duly issued and served on the minor defendants, and a guardian ad litem was duly appointed by the probate judge, who filed an answer in behalf of said minor heirs.

On June 23, 1932, a decree admitting the certified and authenticated copy of said will and the alleged foreign probate thereof to probate in solemn form was entered upon said petition. The decree in the probate court limited the probate of the holographic will to the personal property of said estate, and by specific provision in the decree the probate of the holographic will was limited to, and made applicable only to, the personal estate, and specifically excluded the real estate owned by the deceased at his death. The alleged probate of the will in the probate court of Shelby county was in solmn form.

The deceased left a considerable estate, consisting of both real and personal property; the major portion of the estate was in stocks, bonds, money, and other securities, a considerable portion of which was in Shelby county, Tennessee.

There was no appeal prayed or granted from the decree of the probate judge admitting said will to probate, but subsequently Flora de Franceschi, one of the adult heirs at law, and a daughter of Antonio de Franceschi, deceased, filed a petition for writ of error in this court, assigning errors, and the record is now before this court on said writ of error, and the questions made under the assignments of error.

The first assignment of error presents the question that the court erred in appointing Pietro de Franceschi administrator cum testamento annexo, and admitting said will to probate before first removing Bertha de Franceschi as the administratrix previously appointed. It appears that Bertha de Franceschi joined in the petition requesting the appointment of her said son, Pietro, as the administrator with the will annexed, and in the petition for probating the alleged holographic will. Shortly thereafter she filed a petition setting forth the amount of the estate, and asked that the same be treated as her settlement, and that she and her sureties on the administrator's bond be discharged. This petition was granted, and the settlement approved, and she was accordingly discharged with her sureties. Since she joined in the petition for the appointment of her son, which petition set out all the facts, we are of the opinion that there was no error in the action of the probate court in so far as the element of time was concerned.

By the second assignment of error it is contended that the court erred in admitting the said will of the deceased to probate as a holographic will, because the proof necessary to establish the same as a holographic will as required by section 8090 of the 1932 Code of Tennessee was not introduced; that there was not sufficient evidence introduced to show, (a) that said will, after the death of deceased, had been found among his valuable papers or lodged in the hands of another for safe-keeping; nor (b) that the handwriting of the deceased was generally known by his acquaintances; nor (c) was it

proven by three creditable witnesses that they verily believed the writing, and every part of it, was in the hand of the deceased.

The third assignment of error presents the most important question to be considered on the appeal. By this assignment it is urged that the court erred in admitting the alleged will of deceased to probate because it was not entitled to probate as a duly probated will under section 8115 of the 1932 Code of Tennessee. In this connection it is contended that the authenticated record of the proceedings had on said alleged will in Italy, and which record was presented to the court with the said petition, failed to show that said alleged will had been fully proved, allowed, and admitted to probate in the kingdom of Italy, according to the laws of Italy. And, further, that said authenticated record nor any other proof offered in support of said petition does not show that said alleged will was executed according to the law of the place in which the same was made, the said paper on its face showing that it was made in Washington, D. C.; nor did it show that it was executed according to the law of the place in which the testator, at the time, was domiciled, said paper on its face showing that the domicile of the deceased was then in Memphis, Tennessee; nor that it was executed in conformity with laws of the State of Tennessee.

By the fourth assignment it is said that said will should not have been admitted to probate by the probate court of Shelby county, Tennessee, because on the proof introduced it was not entitled to probate as an unprobated foreign will under section 8116 of the 1932 Code.

By the fifth assignment the contention is made that the court erred in admitting said will to probate as a will of personal property only, because the proof necessary to warrant the probate of such a will was not produced on the hearing of said petition; that the factum of said will was not established by two witnesses, nor by evidence equivalent to that of two witnesses present at its execution.

Having disposed of the first assignment, we will consider and dispose of all other assignments collectively.

There is a preliminary question, however, made at the hearing of the cause in this court, and that is whether this court has jurisdiction to review the matters and questions presented, in the state of the record, or whether the jurisdiction under section 10 of chapter 100 of the Public Acts of 1925 (Code 1932, sec. 10618) is vested in the Supreme Court. This question was suggested by the court at the hearing, and counsel for the respective parties were requested to submit briefs on that subject. The conclusion we reach is that the jurisdiction is in this court and not the Supreme Court. There is no stipulation as to facts. In order to pass upon the question as to whether the alleged will is subject to probate as a will having been probated in another state or country, necessitated the trial judge

considering the facts set forth in the certified transcript of the proceedings had in Italy, and to consider the facts as disclosed by the certified transcript. It was therefore a mixed question of law and fact. And, while there is no dispute as to what the record of the proceedings in Italy shows, the facts are not stipulated, and it is clear that the lower court had to take into consideration the facts disclosed by the certified transcript in determining whether or not the will was subject to re-probate in Shelby county, under section 8115 of the Code of 1932, which is one of the sections contained in the Uniform Wills Act, Foreign Probated, adopted by this State. We think the jurisdiction on appeal would be in this court for the reasons above stated, and independent of the question as to whether proof aliunde the record from Italy would be competent to supplement the record from Italy. Section 10 of chapter 100 of the Acts of 1925 is brought up into the 1932 Code as section 10618, and has been construed in several cases by the Supreme Court. Gormany v. Ryan, 154 Tenn., 432, 289 S. W., 497; Creasy v. Coal Co., 154 Tenn., 372, 289 S. W., 524; Cockrill v. Bank, 155 Tenn., 342, 293 S. W., 996; Johnson v. Stuart, 155 Tenn., 618, 299 S. W., 779; Cumberland Trust Co. v. Bart, 163 Tenn., 272, 43 S. W. (2d), 379; King v. King, 164 Tenn., 666, 51 S. W. (2d), 488.

We think it is necessary to set out the record from Italy upon which the petition for probate in Shelby county was based, in order to a proper consideration and determination of the questions presented under assignments 2, 3, 4, and 5. Tennessee has adopted the Uniform Act on the subject of foreign probated wills, and the provisions of the Uniform Act are brought into the Code of 1932 under sections 8113 to 8115, inclusive, on the subject of foreign probated wills, and section 8116 deals with authenticated copy of an unprobated will from a state or country not requiring probate. We do not find that this Uniform Act has been construed by either of the five states that have adopted the Uniform Act, especially with reference to the questions presented under these assignments of error, and for this reason, especially, we deem it expedient to set out the transcript of the proceedings had in Italy with reference to the alleged will in question.

Translation of Record from Spilimbergo,
Province of Udine, Kingdom of Italy
Filed June 17, 1932.
Translation

N. 5319 not. rep                                        No. 3360 File
Victor Emanuel III
By the Grace of God and by the Will of the Nation.
King of Italy.

The twenty-seventh day of February One Thousand Nine Hundred Thirty Two X year E. F. at two and thirty o.'clock P. M.

In Spilimbergo, in my notarial office in Viale Vittorio Emanuele II.

Before me, Del Bianco Giacomo, Notary in Spilimbergo, College of Udine, in the presence of the Illustrious Vice Praetor of this District Mr. Gerometta avv. Gieo. Maria, and of the following known and idoneous witnesses:

1st.  Fabrici Daniele of the late Luigi, notary, born at Clauzetto and residing here;

2nd.  Margaritta Giovanni of the late Antonio, proprietor, born and domiciled in Travesio,

Has Appeared:

Mr. Bettoli Albino of the late Evaristo, merchant, born at Binningen (Switzerland), here domiciled, of whose personal identity I am certain, and who requests me of the Publication of the olographic testament of De Franceschi Antonio of the late Pietro, deceased, in Lestans di Sequals, on November seventeen, nineteen thirty one, as it appears from the abstract of the certificate of death of the same, released that officer of the Vital Statistics, and which is here annexed, after being read, as Exhibit A:

The affiants hands me an open envelope on which is written in printing in English the words "After five days return to .........  Memphis, Tennessee," and then follow other words written by hand in English on three lines with the signature of the testator.—Said envelope, after the authentication according to law, is here annexed as exhibit B.

I therefore pull out from said envelope the olographic testament of the same written by hand in the English language, on a half sheet of ruled paper, starting with the words: "Washington" and ending with number "nineteen twenty seven" on the first page, while on the second are written, also in English, cross-wise, six lines.  In the translation made by the sworn expert, Dr. Corgnali Geio. Battista, said envelope and said testament are translated as follows:

1st.  Envelope: "After five days return to .......... Memphis, Tennessee.

"Testament of A. De Franceschi, this should not be open but after my death.  Antonio De Franceschi."

2nd.  Testament: "Washington, D. C., April 25, 1927, Testament of Antonio De Franceschi of Memphis, Tenn.  Instructions.

"After my death all my property, money, bonds, etc., belonging to me, should remain intact as it is at the present time; an Administrator should be selected by the Court and when my youngest child should reach the age of twenty one years, then all should be devided in equal parts, among my living children.

"To Berta Liedtken De Franceschi, my wife, she should receive one dollar ($1.00).  Signed by me, A. De Franceschi, April 25, 1927.

"Also my accident policy should go to the children in equal parts. A. De Franceschi, April 25, 1927.  Washington, D. C."

I attach as exhibit C the above olographic testament, after authentication as per law, and as exhibit C the above olographic testament, after authentication as per law, and as exhibit D the translation made by the above expert, Corgnali Dector Gio. Batta.

The affiant states that a property T' of the total amount of ten thousand lire exists in Italy.

This instrument written by me occupies one sheet, and has been read by me to the requesting affiant, together with the enclosures, in the presence of the Vice Praetor and of the witnesses, and is signed at three o'clock p. m.

Signed: Bettoli Albino of the late Evaristo.
   "    avv. GM. Gerometta, Vice Praetor.
   "    Fabrici Daniele, witness, signed:
         Margaritta Giovanni, witness.
   "    Del Bianco Giacomo, notary.

Exhibit A—attached to File N. 3360.
Town Hall of Sequals—Office of the Vital Statistics

Abstract from the records of deaths for the year nineteen thirty one—part 1st. No. 26.—The year nineteen thirty one X—the eighteenth day of November, at eleven o'clock a. m., in the Townhall. Before me Pellarin Cav. Pietro, Prefect Commissary, Officer of the Vital Statistics of the Commune of Sequals—have appeared Xalle Vittorio, aged sixty one, shoemaker, domiciled in Sequals, and Cesaratto Angelo, aged fifty two, baker, domiciled in Sequals, who have declared to me that at one o'clock p. m. of yesterday in the house located in Lestans at number one hundred fifty five, has died De Franceschi Antonio, aged fifty six, contractor, residing in Lestans, son of the late Pietro, also contract, whose domicile was Lestans, and of the late Del Eabbro Regina, house wife, whose domicile was Lestans, husband of Liedtken Berta.

To this instrument have witnessed Crovato Mattia, aged thirty eight, municipal messenger, and Odorico Annibale, aged fifty one, clerk, both residing in this Commune. Read the present instrument to all present, it has been by these and by me subscribed. Signed: Xalle Vittorio—Cesaratto Angelo—Crovato Mattina—Annibale Odorico—P. Pellarin.

This copy is in conformity with the original.

Sequals, February 27, 1932—X.

The Officer of the Vital Statistics.

Signed: P. Pellarin.

Exhibit B—attached to File N. 3360.

After five days return to .......... Memphis, Tennessee. Testament of A. De Franceschi. This should not be open until after my death. Antonio De Franceschi.

Signed: · Berroli Albino.
   "    Vice Praetor avv. GM Germoetta.

" Fabrici Daniele, witness.
". Margaritta Giovanni, witness.
" Del Bianco Giacomo, notary.

Exhibit C—attached to File N. 3360

Washington, D. C., April 25, 1927.

Testament of Antonio De Franceschi of Memphis, Tenn.

Instructions, After my death all my property, money, bonds, etc., belonging to me, should remain intact as it is at the present time, an Administrator should be selected by some Court, and when my youngest child should reach the age of 21 years, then all should be devided in equal parts among my living children.

To Bertha Liedtken De Franceschi, my wife, she should receive one dollar ($1.00), signed by me A. De Franceschi, April 25th, 1927, Also my Accident Policy should go to the children in equal parts.

A. De Franceschi.

April 25th, 1927, Washington, D. C.

Signed: Bettoli Albino.

" Avv GM Germetta V. Praetor.
" Fabrici Daniele, witness.
" Margaritta Giovanni, witness.
" Del Bianco Giacomo, notary.

Translation from the English

(On the envelope) After five days return to .......... Memphis, Tennessee. Testament of A. De Franceschi. This should not be open until after my death. Antonio De Franceschi.

(On the sheet of letter paper) : Washington, D. C., April 25, 1927. Testament of Antonio De Franceschi of Memphis, Tenn.

Instructions. After my death all my property, money, bonds, etc., belonging to me, should remain intact as it is at present time; an Administrator should be selected by the Court, and when my youngest child should reach the age of 21 years, then all should be devided in equal parts among my living children.

To Berta Liedtken De Franceschi, my wife, she should receive one dollar ($1.00). Signed by me A. De Franceschi, April 25, 1927. (On the reverse side of the sheet). Also my Accident Policy should go to the children in equal parts. A De Franceschi. April 25, 1927. Washington, D. C.

The undersigned expert declares that at the request of Bertoli Albino of the late Evaristo he has made the correct and true translation of the testament of Mr. Antonio De Franceschi, written in the English language on a sheet of letter paper with the relative envelope on the upper part of which are written printed seven words.

In attestation it is subscribed in the presence of the notary.

Signed: Dr. Gio. Battista Corgnali—N. 5314—notarial repretory.

Udine, February 26, nineteen thirty two X.E.F.

I, De Bianco Giacomo, notary in Spilimbergo, College of Udine,

certify as to the authenticity of the above signature of Doctor Corgnali Gio. Battista of the late Luigi, Librarian, expert translator, born and domiciled in Udine, of whose personal identity I am certain, because it has been appended in my presence and in the presence of the known and idoneous witnesses.

Ricci Renato of the late Guiseppe, Clerk, born and domiciled in Udine, and Avon Angelo of the late Michel, clerk, born in Tramonti di Sotto, here domiciled.

Signed: Ricci Renato of the late Guiseppe
" Angelo Avon Fu Michele
" Del Bianco Giacomo, notary.

T' add "available" postil approved.

Registered in Spilimbergo on March 1st, 1932-X. in N. 707, publ. with L. 55.05.

The Procurator, signed: Giannone.

Spilimbergo, March 3, 1932. X.

Copy in conformity with the original by me, duly registered as above, released to the heirs.

Signed: Del Bianco Giacomo, notary.

Spilimbergo, March 3, 1932. X.

Royal Praetura of Spilimbergo—Seen for the legalization of the signature of Mr. Del Biaco Dr. Giacomo, notary of Spilimbergo.

The Vice Praetor: (Avv. GM Gerometta)
Signed: Avv. GM. Gerometta.

Seen for the legalization of the signature of the Vice Praetor of Spilimbergo, GM. Gerometta. Trieste, March 4, 1932. X.

The First President of the Court of Appeals (Signature illegible).

This is to certify that the foregoing is a correct translation in the English language of the annexed document written in the Italian language.

Washington, D. C., April 29, 1932. X.
Vincenzo di Girolamo
Chancellor R. Italian Embassy.
No. 2331

United States of America
Department of State

To All to Whom These Presents Shall Come, Greeting:

I certify that Vincenzo di Girolamo, whose name is subscribed to the document hereunto annexed, was at the time of signing Chancellor of the Royal Italian Embassy.

In Testimony Whereof, I William R. Castle, Jr., acting secretary of State have hereunto caused the seal of Department of State to be affixed and by name subscribed by the Chief Clerk of the said Department at the City of Washington, in the District of Columbia, this thirtieth day of April, 1932.

William R. Castle, Jr.
Acting Secretary of State
By C. E. MacEachran.

Admitted to Probate and ordered recorded June 17, 1932.

F. M. Guthrie, Judge.

Recorded June 17, 1932.
Ed B. Crenshaw, Clerk.
By Frances Lincoln, D. C.

The foregoing is an English translation of the Italian record of Probate from Spilimbergo, Province of Udine, Kingdom of Italy, a duly certified and authenticated copy of which was probated in the Probate Court of Shelby County, Tennessee, on June 23rd, 1932, which appears in Will Book 43, pages 370-376, of the Records of Wills of the Probate Court of Shelby County, Tennessee, and to which are attached the following certificates of authentication in accordance with the Acts of Congress for the authentication of foreign instruments, to-wit:

Consulate of the United States of America, Trieste, Italy.

I, the undersigned Vice Consul of the United States of America at Trieste, Italy, do hereby certify that Mr. Barzelatto who has signed and sealed with the official seal of his office the annexed instrument, was at the time of so doing, the duly authorized to sign for the first president of the Court of Appeals, is this consular district, that his signature thereunto as such is true and genuine, and is entitled to full faith and credit.

In witness whereof I have hereunto set my hand and affixed my official seal this Fourth day of March, 1932.

Bernard C. Connelly
Vice Consul of the United States of America.

[Seal]

No. 2153
United States of America
Department of State

To All to Whom These Presents Shall Come, Greeting:

I certify that Bernard C. Connelly whose name is subscribed to the paper hereto annexed, was at the time of subscribing the same, Vice Consul of the United States of Trieste, Italy, duly commissioned; and that full faith and confidence are due to his acts as such.

In testimony whereof, I, William R. Castle, Jr., Acting Secretary of State, have hereunto caused the Seal of the Department of State to be affixed and my name subscribed by the Chief Clerk of the said Department, at the City of Washington, this 23rd day of April, 1932.

William R. Castle, Jr.
Secretary of State.
By G. E. MacEachran,
Chief Clerk.

[Seal]

On the said Italian record, there appears:

"Admit to Probate,

"F. M. Guthrie, Judge.

"6-23-32."

By sections 8113, 8114, and 8115 of the Code of 1932, the same being sections 1, 2, and 3 of chapter 77 of the Public Acts of 1919 (Uniform Act), it is provided:

"8113. *Foreign Probated Wills.*—A will, duly proved, allowed and admitted to probate outside of this state, may be allowed and recorded in the proper court of any county in this state, in which the testator shall have left any estate.

"8114. *Copy of Authenticated Probated Will Presented with Petition for Probate Must be Filed; Hearing; Notice.*—When a copy of the will and the probate thereof, duly authenticated, shall be presented by the executor or by any other person interested in the will, with a petition for probate, the same must be filed and a time must be appointed for a hearing thereon and said notice must be given, as required by law on a petition for the original probate of a domestic will.

"8115. *Such Will Must be Admitted to Probate, When; Effect of Such Probate.*—If upon the hearing, it appears to the satisfaction of the court that the will has been duly proved, allowed and admitted to probate outside of the state, and that it was executed according to the law of the place in which the same was made, or in which the testator was at the time domiciled, or in conformity with the laws of this state, it must be admitted to probate, which probate shall have the same force and effect as the original probate of a domestic will."

It is the contention of appellee that the probate of the will in question in the probate court of Shelby county was under the provisions of the Uniform Act above set forth, and especially section 8115. It will be observed that the above-quoted sections apply to wills probated in another state or country where probate is required. Section 8116 applies only to the probate of a will in this state on a duly authenticated copy of an unprobated will from a state or county not requiring probate. Section 8116 has no application to the proceeding had in the probate court of Shelby county with reference to the will in question. It is conceded by appellee that the proceeding in the probate court was under sections 8113, 8114, and 8115 of the 1932 Code.

Among other questions made by appellant in the brief is that section 1 of the act being section 8113, 1932 Code, states that the foreign will "may be allowed and recorded" in this state, and that this language makes it discretionary with the probate judge as to whether such will may be admitted to probate in this state, and points out that this language distinguishes the act referred to as Uniform

Wills Acts, Foreign Probated, from the Uniform Wills Acts, foreign Executed, where the provision is mandatory.

We think this distinction is properly made, but, where the transcript of the record from the foreign state or country fully meets the requirements of the statute, then it is mandatory upon the probate court that it be admitted to probate under section 8115, of the Code of 1932. Under the provisions of the statute in question, it is the duty of the probate court to examine he certified copy of the alleged holographic will, and the transcript of the proceedings had in the foreign state or country, and to determine if it meets the requirements of the statute. To this extent the probate court exercises judicial discretion or judgment.

It appears from the decree of the probate court that at the hearing the court heard the evidence of Pietro de Franceschi in addition to the transcript of the record of probate from Italy. The decree recites on this subject as follows:

"And it further appearing that petitioner, Pietro de Franceschi, was present in Italy at the time of the probate of said will, that he saw the original thereof, and testified in this court that the said holographic will was in the handwriting of his father, Antonio de Franceschi, deceased."

An examination of the transcript as hereinbefore set out in full does not contain any record of the evidence heard by the Italian authorities with reference to the alleged will being in the handwriting of the deceased. The death of the deceased is proved and the manner of producing the will is shown by the transcript with elaborate detail, and we think it clear from the transcript that it was probated in the proper tribunal and before the proper authority in Italy, and carries the certification of all the officials. By the decree of the court, the probate of the will in Shelby county was limited to a disposal of personal property only, since the record from Italy did not show that the testator's handwriting was generally known by his acquaintances and proved by at least three creditable witnesses, as required by section 8090 of the 1932 Code.

It would therefore appear that the probate judge of Shelby county, in admitting the will to probate in Shelby county, proceeded on the assumption that the alleged will was not entitled to probate so as to dispose of real estate under the transcript of the record, but that the evidence of Pietro de Franceschi with the accompanying circumstances was sufficient to entitle it to probate as the holographic will of the deceased, with the probate limited to a disposal of the personal property.

Appellant earnestly contends that extraneous evidence cannot be heard to supplement the record coming from a foreign country, and that the probate court of Shelby county could only look to the transcript of the alleged probate in Italy, and, if it was insufficient

in itself to entitle it to probate under the laws of Tennessee, its probate must be refused. Appellant contends that there is not anything in the statute, as brought into the 1932 Code, under sections 8113-8115, that contemplates that extraneous evidence may be heard.

We are not prepared to agree to this contention. We do not find that this act has been fully construed by the courts of last resort of either of the five states that have adopted the Uniform Act. However, in the case of Terry v. Webb, 159 Tenn., 642, 21 S. W. (2d), 622, 623, it would appear that extraneous evidence was heard. In that case, the testator was a resident of Florida, and his will was presented for probate in that state, and was admitted to probate upon proof of its due execution by witnesses other than the subscribing witnesses. A copy of the Florida proceeding, with copy of the will and codicil probated in Florida and duly authenticated, were presented to the county court of Knox county upon the petition of the executor, and the will was there admitted to probate upon the record, under the provisions of chapter 77 of the Acts of 1919, and especially the section of the act brought into the 1932 Code as sections 8113-8115.

The subscribing witnesses did not testify on the probate proceeding in Florida because they were not available, and the Florida court admitted the evidence of other witnesses by whom the will was proved. The court, in the course of the opinion, stated as follows:

"The confusion in complainant's mind seems to have been brought about through a cautionary measure of the executor, who, in addition to presenting the Florida record and resorting to it as the basis for the proceeding in the Tennessee court, called the subscribing witnesses who were available in Tennessee and had them examine the cert'fied copy of the will and thereupon testify to the due execution of the original. It was said in Jacobs v. Willis' Heirs, 147 Tenn., 539, 249 S. W., 815, that this might be done under section 3916 of Shannon's Code. No discussion of this last proposition is necessary, because the probate of the will upon the authenticated record is conclusive against the collateral attack brought against it by the complainant."

While the court in that case did not, in express terms, hold that extraneous evidence could be heard in the Tennessee proceeding, the Jacobs Case is referred to with apparent approval, even though the Jacobs Case was decided prior to the passage of the Uniform Act of 1919, and was a proceeding under section 3916 of Shannon's Code.

While the Uniform Act does not provide for the hearing of evidence in connection with the transcript coming from a foreign state or country, there is nothing in the act that would preclude that practice. We can see that it is necessary in many instances that such evidence be heard and considered in connection with the transcript of the record coming from a foreign country, as in the present case. Different countries have different probate procedure and probate

laws, and, where a will is probated in a foreign country, it may be that the laws of that country entitling the will to probate would differ materially from laws of other states or countries, and the record would not disclose all pertinent facts and incidents to entitle the will to be reprobated simply on the transcript of the record from such foreign countries. As, for instance, it is a recognized rule in this state that a holographic will may be sufficient to dispose of personal property where the fact that it was written wholly in the handwriting of the testator, etc., is proved by only one witness, and other circumstances. Pritchard on Wills, sec. 9. This is the rule in England, and has been recognized as controlling in this state. Pritchard, sec. 9; Suggett v. Kitchell 6 Yerg., 425; Moore v. Steele, 10 Humph., 56?; Jones v. Arterburn, 11 Humph., 97; Davis v. Bauch, 1 Sneed, 477; Cox v. Cox, 4 Sneed, 81; Johnson v. Fry, 1 Cold., 101.

We are of the opinion that, where the record of the probate coming from Italy is sufficient on its face to show that the will was duly probated in Italy, and according to the forms of law and procedure in that country, but failed to show that witnesses were called to testify to the fact that the will was in the handwriting of the deceased, we think it proper to hear evidence by a witness or witnesses who have seen the original will on file in Italy and who testify that it is wholly in the handwriting of the testator, and that the certified copy contained in the transcript from Italy is a copy of the probated will seen by the witness or witnesses in Italy. By admitting this evidence, the will probated in Italy, and the original of which cannot be produced because it is a part of the permanent court files of that country, is thereby sufficiently proved to conform to the requirements of the laws of this state on the subject.

█ Of course, the full faith and credit clause of the Federal Constitution, article 4, section 1, only applies to states and territories of the United States of America. and not to foreign countries. However, the Uniform Wills Act, Foreign Probated, chapter 77 of the Public Acts of 1919, as brought into the 1932 Code, contemplates that a will duly probated in a foreign country may be probated in this state, the state of the domicile of the testator, and where the deceased left property, and such probate in a foreign country, when the proceeding with reference thereto is duly authenticated, will be given effect, if it appears to the probate court of this state that the will has been duly proved, and that it complies with the requirements of the laws of this state.

The conclusion we reach is that the transcript of the record of probate in Italy, supplemented by the evidence heard by the probate court of Shelby county, fully meets the requirements of the laws of this state so as to entitle the will to probate in this state. Many questions are made by the assignments of error that have not been separately considered and disposed of. Numerous authorities have

been cited by the respective parties, both from this state and other jurisdictions, in support of the respective contentions made. The authorities cited and relied upon by the respective parties are cases construing and adjudicating rights under former enactments, and have very little, if any, application to the probate of wills under the sections of the Code now in force in Tennessee. The only other state among the five which have adopted the Uniform Wills Act, Foreign Probated, that has construed the Uniform Act in question, so far as we have been able to find, is the state of Illinois, where the question there made was confined to the importance of giving notice to all parties of the probate, and the fixing of the time for hearing of the petition for probate. Pratt v. Hawley, 297 Ill., 244, 130 N. E., 793; 9 Uniform Laws Ann., pages 295, 296 [revised edition, pages 425, 426]. We do not have that question here involved, since it is conceded that section 8113, requiring notice to all parties, was fully complied with, and all parties at interest were before the court; the Tennessee case of Terry v. Webb, supra, being the only other case to which our attention has been called involving the construction of the act in question, or any portion thereof.

It results that we find no error, and the decree of the probate court is accordingly affirmed. Appellant and sureties on the appeal bond will pay the cost of this appeal.

Anderson and Ketchum, JJ., concur.