EDWIN G. WRIGHT, Respondent, v. HARRISON B. WRIGHT, Appellant.— Motion for leave to appeal to the Court of Appeals denied.   Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

PIETRO BAIO, Respondent, v. ORAZIO MANGANO and LEONARD MANGANO, Doing Business in the Firm Name and Style of MANGANO BROS., and/or MANGANO & Co., Appellants.— In an action brought on a money judgment obtained by plaintiff against defendants in the Kingdom of Italy, plaintiff has recovered judgment.   Judgment reversed on the law and new trial granted, with costs to appellants to abide the event.   While the validity of judgments entered in foreign courts of general jurisdiction is presumed, plaintiff did not plead or prove that the foreign court in which the judgment was rendered was a court of general jurisdiction.   Nor does the foreign judgment show that the tribunal of Naples was a court of general jurisdiction.   Nor does it state that the defendants appeared personally or by attorney, or that they resided in Italy at the time the judgment was rendered or at any other time, or that either personal or constructive service was made upon defendants.   In fact, the foreign judgment recites that the defendants were not present and that they defaulted.   Such a foreign judgment is unenforcible in the courts of this State.   (*Shepard* v. *Wright*, 113 N. Y. 582; *Gilbert* v. *Burnstine*, 229 App. Div. 170; *Skandinaviska Granit Aktiebolaget* v. *Weiss*, 226 id. 56; *Scanlon* v. *Kuehn*, 225 id. 256; *McLaughlin* v. *Nichols*, 13 Abb. Pr. 244.) Under the facts in this case the burden was on plaintiff to show the jurisdiction of the Italian court.   (*Hill* v. *Mendenhall*, 88 U. S. 453, 454, 455; 3 Freeman on Judgments [5th ed.], 3050.)   If it were averred that the foreign court had jurisdiction of defendants and the subject-matter, then the burden of proof as to want of jurisdiction would be upon defendants.   In *Rice* v. *Coutant* (38 App. Div. 543), relied upon by respondent, it was alleged that the foreign judgment was obtained in a court of general jurisdiction.   Lazansky, P: J., Carswell, Johnston and Close, JJ., concur; Davis, J., dissents and votes to affirm, with the following memorandum: Presumptively the judgment of a foreign court, properly authenticated, determines the rights and liabilities of the parties according to the law and procedure of the court where it was rendered.   (*Cowans* v. *Ticonderoga Pulp & Paper Co.*, 219 App. Div. 120; affd., 246 N. Y. 603.)   Recitals in a judgment are accepted as proof of the facts.   (*Matter of James*, 248 N. Y. 1.)   Here the recital in the judgment was that the defendants were " legally sued."   If the defendants desired to challenge the validity of the judgment for lack of jurisdiction on the ground that they were not personally served with process in Italy, they should have pleaded and proved that defense, and not relied on recitals of their default in appearing and their residence elsewhere.   Though they had opportunity, they offered no such proof but relied on other defenses.   [169 Misc. 155.]