# FILED

**November 30, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

TINA NONG MABERRY,                    )
                                      )
        Plaintiff/Appellant,          )
                                      )        Appeal No.
v.                                    )        M1999-01322-COA-R3-CV
                                      )
RICKY WAYNE MABERRY,                  )        Jackson Chancery
                                      )        No. 97-48
        Defendant/Appellee.           )


COURT OF APPEALS OF TENNESSEE


APPEAL FROM THE CHANCERY COURT FOR JACKSON COUNTY

AT GAINESBORO, TENNESSEE


THE HONORABLE C. K. SMITH, CHANCELLOR

RICHARD BROOKS
215 Smotherman Avenue
P. O. Box 255
Carthage, Tennessee 37030
        ATTORNEY FOR PLAINTIFF/APPELLANT



BOBBY JAMES ELLIS
111 South Union
P. O. Box 192

Gainesboro, Tennessee 38562
ATTORNEY FOR DEFENDANT/APPELLEE


AFFIRMED AS MODIFIED
AND REMANDED


WILLIAM B. CAIN, JUDGE

# O P I N I O N

Tina Nong Maberry, ("Wife"), and Ricky Wayne Maberry, ("Husband"), were allegedly divorced by court decree entered in the district court of Naha, Okinawa, Japan, on August 23, 1993. The action at bar was commenced when Wife filed suit in chancery court in Jackson County, complaining that the alleged decree failed to dispose of Husband's military retirement benefit as marital property " although the District Court of Naha, Okinawa, Japan is believed to have had jurisdiction to do so."[1]

Husband, for his part, raised the affirmative defense of *res judicata*, arguing that since the Japanese court refused to dispose of his retirement benefit, Wife should be estopped from rearguing the issue. In his cross claim Husband complained that while the alleged foreign decree awarded him custody of the parties' child, it lacked any child support award.[2] The court below found in pertinent part as follows:

> ...it appearing to the court that the original Complaint, seeking to obtain, for the plaintiff, a portion of the defendant's military retirement is without merit and should be dismissed.
>
> It further appearing to the Court that the Petition requiring the original Plaintiff/Counter-Defendant to pay child support is without merit and should be dismissed.

IT IS THEREFORE ACCORDINGLY ORDERED, ADJUDGED and DECREED that the original Complaint in this cause, seeking to obtain a portion of the Defendant Ricky Wayne Maberry's retirement be and the same is dismissed and the costs thereof is taxed to the Plaintiff, Tina Nong Maberry [sic].

IT IS FURTHER ORDERED, ADJUDGED and DECREED by the Court that the Petition for child support be and the same is hereby dismissed and the costs of that is taxed to the petitioner, Ricky Wayne Maberry [sic].

Wife appeals from the action of the trial court, and argues that the dismissal was on *res judicata* grounds which were not effectively proven below. For the reasons and under the authorities cited *infra*, we hold that the alleged foreign decree does not operate as *res judicata*. We find dismissal proper, however, for other reasons.

Much is made by both parties of the lower court's apparent interpretation of the foreign decree as having preclusive effect on Wife's claim. The source of Wife's appeal is the set of statements from the bench regarding *res judicata*. Said the court:

> Well that's fine. I've still made my Findings of Fact and Conclusions of Law. No attorney fees. I'm denying any relief to the plaintiff. And I would say that ultimately the child support issue will probably meet with the same type of finding here. You know, you are over there and you enter this order, and you just leave out these important things. And I get the sense that all of these things may have been left out, but they probably was part of the deal. [sic] You know, every time there's – I always hate to hear these, any kind of modification of final decree. Because we want to take one little part out of the whole puzzle and work on it. And sometimes one little part doesn't look right. But when you look at the whole puzzle, all the parts fit in there real well together.

> And that's what I have to assume here is that all of these things were anticipated. And all of them should have been, could have been, were tried, were disposed of, were settled. I'm talking about every one of them, including child support. I'd have an equally difficult time making this lady pay child support, based

upon the fact that, you know, apparently it was taken care of over there. I just have to assume it's part of the deal.

Of course, we're dealing with a jurisdiction that we don't know much about, how they handle divorces, what goes on over there. But you know, you stipulated that a divorce was granted over there. And that's, that's enough for me. All issues were taken care of, you know.

I'm finding based upon the testimony, stipulations that I've heard, exhibits entered here today, that's my finding and conclusions of the law. And if you need them typed up, get them from the Court Reporter. Thank You.

As this court has stated numerous times before:

> In order to succeed on a plea of res judicata, or estoppel by judgment, the party raising the defense must plead it, Tenn.R.Civ.P. 8.03, and must carry the burden of proving it. *Carter County v. Street*, 36 Tenn.App. 166, 252 S.W.2d 803 (1952). To carry that burden, the party raising the defense must generally put in evidence the record or a copy of the record of the former case. *American National Bank v. Bradford*, 28 Tenn.App. 239, 188 S.W.2d 971 (1945). If the record does not conclusively show that a particular matter was determined in the former proceeding, the party relying on res judicata as a defense must supplement the record by other proof. *Carter County v. Street*, 36 Tenn.App. 166, 252 S.W.2d 803 (1952).

*Gregory v. Gregory*, 803 S.W.2d 242, 243-44 (Tenn. Ct. App. 1990). While it is true that "parol evidence is always admissible to show the fact, even if it appears prima facie[,] that a question has been adjudicated, where the record does not show that it was actually settled," *Fowlkes v. State*, 82 Tenn. (14 Lea) 14, 19 (1884); the presupposition regarding parol evidence is the existence of the allegedly preclusive record in the enforcement record. Yet neither Husband nor Wife elected to register the judgment of the District Court of Naha. Husband's counsel attempted to enter into the record a copy of the foreign decree. Wife's counsel successfully objected to the entry, alleging as grounds Husband's failure to register the judgment pursuant to section 104 of Tennessee's version of the Uniform Enforcement of Foreign Judgments Act. Tenn. Code Ann. §§ 26-6-101, *et. seq.* Section 103 of the Act

defines "foreign judgment" as "...any judgment, decree, or order of a court of the United States, or of any other court which is entitled to full faith and credit in this state." Tenn. Code Ann. § 26-6-103. The full faith and credit clause of the Federal Constitution, Article 4, section 1, only applies to states and territories of the United States of America and not to foreign countries. *In re: Franceschi's Estate*, 70 S.W.2d 513 (Tenn. App. 1933). Although there is a split of authority nationally regarding whether the Uniform Enforcement of Foreign Judgments Act applies to a decree from a foreign country because full faith and credit is not involved, at the very least, registration would have afforded this chancellor an opportunity to view the Japanese decree with an eye toward safeguarding the principles of due process and finality of litigation. *See* Restatement (Second) of Conflicts of Law §98, cmt. b; *see also* 50 C.J.S. Judgment §1033 (1997). Yet to date no copy of the Japanese decree, registered or otherwise, appears in the record. Since no judgment was adequately proven, dismissal on the grounds of *res judicata* is improper.

For her part, however, Wife still must establish the foreign decree to survive a motion to dismiss for failure to state a claim. *See* Tenn. R. Civ. P.12.02(6). Due, curiously enough, to Wife's own objection, the court below was afforded no opportunity to apprize itself of the decree's content. Under such circumstances, Wife's claim under that alleged decree cannot be substantiated. Through comity, a valid judgment rendered in a foreign nation after a fair trial in a contested proceeding will be recognized in the United States so far as the immediate parties and the underlying claim are concerned. *See* Restatement (Second) of Conflict of Laws §98 (1989); Robert A. Leflar *et al.*, *American Conflicts of Law* § 84, at 169-171 (3d ed. 1977). While the subject matter and *in personam* jurisdiction of a foreign decree is generally presumed to exist, said decree is only entitled to such presumption upon an affirmative showing, by the party seeking enforcement, that said decree was so issued by a court of general jurisdiction. *See generally* 50 C.J.S. Judgment § 1035 (1997) (citing *Baio v. Mangano,* 9 N.Y.S.2d 276, 277, 256 A.D. 831 (1939); *Traders Trust Co. v. Davidson*, 178 N.W. 735, 146 Minn. 224 (1920)). As our sister states have phrased the requirement best: "In order to be

entitled to comity, the record must show the foreign judgment partook of the elements which would support it if it had been obtained in this state." *Popper v. Popper*, 595 So.2d 100, at 103 (Fla. App. 5th Dist., 1992). In short, common sense requires that for any court to recognize a foreign decree, the substance of that decree must be proven, or at least be open to such a plain and obvious interpretation as to be susceptible to judicial notice pursuant to the Rules of Evidence. *See* Tenn. R. Evid. 202.

To the extent that either party to this case places reliance upon the Japanese decree, such reliance is misplaced because of the failure of the proof to establish the terms of the decree consistent with the rule of comity. Since the elements of the rule of comity were not satisfied by either party and the terms of the Japanese decree were neither registered under sections 26-6-101, *et seq.*, nor in any other manner proven in the record, the trial court was correct in dismissing both the petition of Tina Nong Maberry and the cross-petition of Ricky Wayne Maberry. Such dismissal shall not, however, preclude either party from seeking to gain recognition or enforcement of the Japanese decree by proper proceedings.

The judgment of the trial court is affirmed as modified and remanded for such further proceedings as are necessary. Costs on appeal are taxed equally to the parties.

_____
WILLIAM B. CAIN, JUDGE

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
PATRICIA J. COTTRELL, JUDGE