WALKER *et al. v.* GAMBILL *et al.*

(*Nashville,* December Term, 1943.)

Opinion filed March 4, 1944.

JAMES R. BROWN, of Centerville, for plaintiff in error.

LOGAN BEASLEY, of Centerville, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

A claim evidenced by note filed by Mrs. W. J. Gambill in the County Court against the estate of W. M. Gambill, of which J. B. Walker had been appointed administrator, was disallowed upon exceptions on several grounds not now necessary to enumerate. The claimant appealed to the Circuit Court, where a motion to dismiss the appeal was sustained on the ground that the appeal should have been taken to the Court of Appeals. It is from this judgment that Mrs. Gambill appeals to this Court.

While the contest in the County Court, from the decision of which the appeal to the Circuit Court was taken, related solely to the matter of the allowance of this claim, it appears that petitions had been filed to sell real estate of the deceased and that a sale had been made and confirmed, and no appeal had been taken from this decree of confirmation. So that, when the contest over this claim arose and was disallowed by the County Judge that matter had been finally determined.

The latest and now controlling legislation is Chapter 175 of the Public Acts of 1939 regulating the administration of the estates of decedents, which Act was recently before this Court for construction as to its terms and

provisions generally in the case of *Commerce Union Bank* v. *Gillespie*, 178 Tenn., 179, 156 S. W. (2d), 425. Therein a decree of the Chancellor construing the Act was affirmed, except in one particular, pertinent here, to wit, the question whether an appeal from a ruling of the County Court lies to the Circuit Court, or to the Court of Appeals, or, in certain cases, direct to the Supreme Court.

It appears from the opinion in *Commerce Union Bank* v. *Gillespie, supra,* that the Chancellor held, and this Court in its original opinion affirmed, that in such a case, as well as in case of a decree disposing of a petition filed to subject to sale real estate of a decedent upon allegations of insolvency, the appeal lies to the Circuit Court. But, it further appears that in response to a petition to rehear this Court revised its original opinion in this regard and held that, in exceptional cases of appeals from decrees disposing of petitions to sell real estate, the appeal lies to the Court of Appeals, or to this Court. The original holding of this Court that appeals from rulings of the County Court allowing or disallowing claims against the estates of decedents being administered in a County Court, regardless of the amount of said claims, or of the assets of the estate, lie to the Circuit Court was not involved, or changed. The net result of our holding, therefore, was that all appeals from judgments of the County Court allowing or disallowing claims filed therein lie, since the Act of 1939, to the Circuit Court. This holding we now reaffirm.

By reference to page 187 of the reported opinion in 178 Tenn., at page 428 of 156 S. W. (2d), in the *Commerce Union Bank Case, supra,* it will be seen that the pertinent question was thus disposed of by the Chancellor:

"The said Commerce Union Bank, as Executor, or any other party interested in the estate of the decedent,

either as creditor, distributee, heir or otherwise, may at any time prior to the end of the thirtieth day that succeeds the end of the twelve month period after publication of notice to creditors was made by the said Executor, as provided in Section I of the said Act, file written exceptions, in triplicate, to any claim or claims that have been filed with the Clerk of the County Court of Davidson County, Tennessee; the County Judge of Davidson County may hear and determine all issues, and in no such hearing shall either claimant or exceptant be entitled to demand or have a jury trial in the said County Court, but an appeal by the party cast will lie to the Circuit Court of Davidson County, Tennessee, and in such Court a jury may be demanded and had in relation to any claim on which there would be a right of trial by jury if same had been presented in the form of a declaration following summons filed in the Circuit Court against the decedent prior to his death.''

As above noted, this construction and holding of the Chancellor was approved and affirmed by this Court.

It is to be observed that the Act of 1939 expressly provides, in Section 8, that in cases where a petition shall have been filed to sell the lands of the decedent, ''The (County) Court shall have the same powers as a court of Chancery in like cases, and the mode of procedure, except as herein modified, shall follow that prescribed for the conduct of such causes in Chancery.'' And, as to such proceedings in the County Court, it was provided that the concurrent jurisdiction of the Chancery Court should remain unimpaired.

It was in recognition of these exceptional provisions relating to the procedure on petitions filed to sell lands of an insolvent decedent, that this Court revised and

corrected its original opinion in the *Commerce Union Bank Case*, in response to the petition to rehear.

It was and is our view that Chapter 175 of the Act of 1939, dealing with the administration of estates in the County Court, recognizes and treats as distinct and independent proceedings relating (1) to the filing and proving of claims, etc., and (2) to the sale of real estate of the decedent; and consistently therewith provides that in the one case appeals shall lie to the Circuit Court, where a trial by jury may be had, and in the other to the Court of Appeals, or, in a given case, to the Supreme Court.

In the instant case, the ruling of the County Judge appealed from related only, as before shown, to the allowance of a claim; the petition for the sale of lands had been disposed of, the land sold and the decree of sale confirmed. That matter was in no way involved. In such a situation we are of opinion that the appeal was properly taken to the Circuit Court. Apparently, and excusably, the learned trial judge was confused by the somewhat involved terms of the Act of 1939, and by the failure of our opinion in the *Commerce Union Bank Case* to deal more clearly with the particular question herein presented.

The judgment dismissing the appeal to the Circuit Court must be reversed and the case remanded for trial there.