Sizemore *v.* Rinehart *et al.*

*(Nashville,* December Term, 1951.)

Opinion filed February 9, 1952.

W. C. Rodgers, of Memphis, for plaintiff in error.

Hugh Carey, Jr., and Harsh, Pierce, Cochran & Rickey, all of Memphis, for defendants in error.

Mr. Chief Justice Neil delivered the opinion of the Court.

The case before us involves the question of jurisdiction of appeals from the Probate Court of Shelby County, wherein claims against the decedent's estate were allowed. Following a hearing upon the validity of these claims and their approval by the court the executrix was granted leave "to appeal to the court of her choosing." She chose to appeal to the Circuit Court of Shelby County. That court dismissed the appeal holding that "an appeal from the Shelby County Probate Court does not lie to the Shelby County Circuit Court in a matter of this kind." From this order the executrix prosecuted an appeal to the Court of Appeals. The claimants moved the court to transfer the case to this Court on the ground that the Court of Appeals had no jurisdiction of the case. The motion was sustained.

The judgment brought up for review involves no question of fact. The evidence heard by the Probate Judge

on exceptions was not preserved by any bill of exceptions.

The claimant's counsel insist that the Probate Court was created by a special Act of the Legislature, 1870, c. 86, p. 77; that it was a "special" court designated as "the Probate Court of Shelby County" and its jurisdiction was concurrent with the Circuit Court and Chancery Court of Shelby County in certain classes of cases; that the Act provided that appeals from the judgments of the Probate Court shall be "to the Supreme Court of this State, and to no other court."

We cannot agree to this contention. It is conceded that the original Act creating the Probate Court provided that appeals from the judgments of said court should be to this Court and "to no other court." But counsel fails to take notice of statutes creating the Court of Appeals, Acts of 1925, c. 100, which worked a complete change in appeals from inferior courts; also Chapter 175 of the Public Acts of 1939, which relates to all matters of probate and the administration of estates of decedents, including the question of appeals. This latter statute was construed by this Court in *Commerce Union Bank* v. *Gillespie,* 178 Tenn. 179, 156 S. W. (2d) 425, and again in *Walker et al.* v. *Gambill,* 181 Tenn. 38, 178 S. W. (2d) 390, 391. In both cases the question involved an appeal from the denial of a claim against the estate of a decedent. These opinions both hold where a claim is allowed or disallowed by the county court the case is appealable to the Circuit Court. It was said in *Walker* v. *Gambill,* supra: "It was and is our view that Chapter 175 of the Act of 1939, dealing with the administration of estates in the County Court, recognizes and treats as distinct and independent proceedings relating (1) to the filing and proving of claims, etc., and (2) to the sale of

real estate of the decedent; and consistently therewith provides that in the one case appeals shall lie to the Circuit Court, where a trial by jury may be had, and in the other to the Court of Appeals, or, in a given case, to the Supreme Court.''

The last Act of the Legislature which deals with the question now under consideration is Chapter 213 of the Public Acts of 1947, which amends Chapter 175, Public Acts of 1939, wherein it is expressly provided by Section 1: ''Should the claimant or the party excepting desire a trial by jury, it shall be demanded by that party in the first claim or exception filed. However, a claimant who has not demanded a jury in his claim may do so within five days after receipt of notice of the filing of exceptions to his claim by filing a written demand for a jury with the County Court Clerk.'' See also Section 8196.3, 1951 Cumulative Supplement to Williams' Code.

In the case at bar the executrix filed exceptions to the claims. No jury was demanded, and the Probate Judge disallowed the exceptions and permitted the executrix to appeal to the ''court of her choosing'' as heretofore pointed out.

Section 2 of the Acts of 1947 provides:

''*Be it further enacted,* The County or Probate Court Clerk shall, within ten (10) days after the filing of exceptions to claim, in which matter no jury is demanded, as herein provided, fix a date for the hearing thereof by the Court, and mail notice thereof to the personal representative, to the claimant whose claim has been excepted to, and to the party filing the exception. The date so fixed shall be not less than fifteen (15) days after the date of the mailing of such notice, nor more than eleven (11) months after the date of the said notice to creditors.

The County Court shall hear and determine all issues arising upon all such exceptions.

"No other pleadings shall be required and the testimony may be taken orally or by deposition. A judgment upon the findings of the Court shall be entered in said Court and from the same an appeal may be perfected within thirty (30) days from the date of entry of the judgment, to the Court of Appeals or the Supreme Court, as the case may be." See also Section 8196.3a, 1951 Cumulative Pocket Supplement to Williams' Code.

 In this case, under the statute, from the final judgment of the Probate Court, the appeal lay "to the Court of Appeals or the Supreme Court, *as the case may be.*" Supplement to Williams' Code, Annotated, Section 8196.3a. We construe the meaning of the language "as the case may be" to be equivalent to a provision that the appeal shall lie to this Court or the Court of Appeals, as provided by Code Section 10618, as that Section has been construed by this Court in *Gormany* v. *Ryan,* 154 Tenn. 432, 289 S. W. 497; *Poston* v. *Aetna Ins. Co.,* 183 Tenn. 137, 191 S. W. (2d) 180. Finally, since the Probate Judge in determining the validity of the claims against the estate, decided their merit on the facts without stipulation, the Court of Appeals was the proper forum for the appeal under the foregoing authorities, and the record is transferred to the Court of Appeals for further proceedings consistent with this opinion.