In re Estate of MAUDE HALL. JONES, Deceased.
—314 S. W. (2d) 39.

Western Section, Jackson. October 4, 1957.

324

Thomas R. Prewitt, Armstrong, McCadden, Allen, Braden & Goodman, Memphis, for appellant.

AVERY, P. J. (Western Section). This is an appeal from the Probate Court of Shelby County in an ex-parte proceedings relating to the probate of an alleged holographic will of Maude Hall Jones, deceased, offered for probate in said Probate Court of Shelby County by Loretta Hall Jones, a relative of deceased, and the apparent sole legatee by the terms of said will.

The learned Probate Judge denied the probate and dismissed the petition for probate. In the order denying probate of the will, there is set out a very specific finding of facts wherein the Court found that every provision required by law respecting the execution of a holographic will had been proven, but that the alleged holograph did not have the signature of the testatrix affixed thereto, as provided by law, and upon that fact alone he denied the probate of the document. Because the facts have been so explicitly and specifically found by the Probate Court, a transcript of the evidence adduced at the hearing in said Court is omitted from the record filed in this Court and the appeal is made on the technical record alone. By proper order the original paper writing offered for probate is filed with the record and is now before this Court.

Title 32 of Tennessee Code Annotated specifically relates to the method of execution of wills in this State since February 15, 1941. For the purpose of that Title, it is only necessary to say that it conforms to the Public Acts of 1941, Chapter 125, and as carried into Code Supplement of 1950, Sections 8098.1 to 8098.8. Section 32-104 of T. C. A., under the same title, is as follows:

"The execution of a will, other than a holographic or nuncupative will, must be by the signature of the testator and of at least two (2) witnesses as follows:

"(1) Testator. The testator shall signify to the attesting witnesses that the instrument is his will and either

"(a) Himself sign,

"(b) *Acknowledge his signature already made,* or

"(c) At his direction and in his presence have some one else sign his name for him, and

"(d) In any of the above cases the act must be done in the presence of two (2) or more attesting witnesses." (Emphasis added.)

The Section then follows by designating what the witnesses shall do in connection with the execution and attestation of such written will.

The specific Section governing the execution of a holographic will is 32-105, T. C. A., and is as follows:

"No witness to a holographic will is necessary, but the signature and all its material provisions must be in the handwriting of the testator and his handwriting must be proven by two (2) witnesses."

The holograph alleged to be the last will and testament of Maude Hall Jones is written on a portion of what appears to be the last sheet of paper on which she had executed a witnessed will in the proper manner provided by law then existing on the 7th day of March, 1932. While there is no holograph date shown by the holograph document, the Probate Court found as a fact that it was executed "sometime after January 26, 1952", which is the date that said defendant first opened an account in the Poplar Plaza Branch of the First National Bank of Memphis, Tennessee. Because of the irregular and peculiar method used by the writer of the script and its contents appearing on a sheet of paper as hereinbefore stated, and for clarity of this Opinion, a reproduction made by a duplicator machine of said entire sheet of paper is here shown in this Opinion as follows:

In Re:

Estate of Maude Hall Jones,
Deceased

I nominate and appoint Loretta H. Jones, of Memphis, Tennessee, Executrix of this, my last Will and Testament, and hereby excuse her from giving bond.

WITNESS my signature this ___7th___ day of March, 1932.

*Maude Hall Jones*

*I have nothing much to leave any one but want Loretta to have every thing I have*

We, ___E.F. Moreland___ and ___Fred Kirk___ certify that on this ___7th___ day of ___March___, 1932, Maude Hall Jones signed the foregoing instrument, consisting of one page, in our presence, and in the presence of each other, she stating at the time she so signed same, that she signed and published same as and for her last Will and Testament, and at her request, and in her presence, and in the presence of each other, we hereunto subscribe our names as attesting witnesses, the day and date above written.

*A little money in Citizens Bank in Collinville & some in Plaza Bank Joint account Maude & Loretta*

___E.F. Moreland___
WITNESS.

___Fred Kirk___
WITNESS.

*My last will*

The Order of the Probate Court sets forth the holograph offered for probate as follows:

"I have nothing much to leave anyone but want Loretta to have everything I have. A little money in Citizens Bank in Collierville & some in Plaza Bank joint account Maude & Loretta. *My last Will.*"

The Order sets out the names of the witnesses testifying in the Probate Court, the findings therefrom, and that part of the Order which is most material to a proper consideration thereof by this Court is capitalized in the quotation therefrom, and is as follows:

"The Court, after considering the sworn petition filed herein, and the testimony of witnesses, L. H. Jones, Sr., C. W. Brewer, Mrs. Tommie Hall Ware and Frances Hall, and examining said paper writing here offered for probate as the holographic Will of said decedent, makes the following findings of fact;

"(1) That said holographic Will, the specific provisions of which are set out above, is all in said decedent's own handwriting, and none of the writing, typewritten or otherwise, appearing on said paper writing here offered for probate forms a material part of said holographic Will of this decedent except that language which is entirely in the decedent's own handwriting;

"(2) That the handwriting of said decedent is well known to her friends and acquaintances; that said instrument here offered for probate was found among the valuable papers of said decedent after her death; that at the time of her death the said Maude Hall Jones was a resident of Shelby County,

Tennessee; and that at the time of the execution of said holographic instrument Maude Hall Jones was over the age of twenty-one years and was a person of sound mind;

"(3) That it was the intention of said decedent that said holographic Will, the specific provisions of which are referred to above, operate as her Last Will and Testament; that is to say, it was the intention of said decedent to bequeath her entire estate to petitioner herein, Loretta Hall Jones;

"(4) That the signature—"Maude Hall Jones"— appearing on said instrument as above referred to, was written by decedent on March 7, 1932, and is the valid signature of said decedent, and that said holographic Will, above referred to, was written by said decedent subsequent to January 26, 1952.

"THE COURT IS OF THE OPINION THAT SAID HOLOGRAPHIC WILL CAN NOT BE ADMITTED TO PROBATE BECAUSE IT DOES NOT BEAR THE SIGNATURE OF SAID DECEDENT, AS REQUIRED BY TENNESSEE CODE, SEC. 32-105, THE COURT BEING OF THE OPINION THAT SINCE THE SIGNATURE 'MAUDE HALL JONES' WAS WRITTEN BY DECEDENT ON MARCH 7, 1932, IT IS, THEREFORE, A SEPARATE WRITING AND CAN NOT BE A SIGNATURE TO OR FOR SAID HOLOGRAPHIC WILL WHICH WAS WRITTEN BY DECEASED AFTER JANUARY 26, 1952. THE COURT IS OF THE FURTHER OPINION THAT THE NAME 'MAUDE' APPEARING IN SAID HOLOGRAPHIC WILL, ALTHOUGH IN THE HANDWRITING

OF SAID DECEDENT, IS NOT A SIGNATURE THAT MEETS THE REQUIREMENTS OF THE STATUTE. (Capitalization supplied.)

"And It Further Appearing To The Court from statement of counsel for petitioner that written notice by mail was given to all of said next of kin of Maude Hall Jones, deceased, of these proceedings, and that none of said next of kin appeared in person or by counsel to contest the application for probate of said holographic Will;

"And It Further Appearing To The Court from petition filed herein and from testimony of L. H. Jones, Sr., that said decedent left no real estate but that she left personalty in the amount or value of slightly less than $8,000; that L. H. Jones, Sr., is a proper person to be appointed administrator of the estate of said decedent;

"It Is Therefore, Ordered, Adjudged And Decreed that petition to admit said holographic Will of Maude Hall Jones, deceased, to probate is denied for the reasons set out above in this Order.

"It Is Further Ordered that Letters of Administration issue to L. H. Jones, Sr. as administrator of the estate of said Maude Hall Jones, deceased, upon his taking oath as prescribed by law and filing surety bond in the penalty of $8,000.00." (R. 6, 7, 8.)

It is observed that the learned Probate Judge found and decreed that the name "Maude Hall Jones", though written by her in 1932 as she signed the witnessed will, "is the valid signature of said decedent".

The petitioner excepted to the Order, prayed an appeal to this Court, which was granted, and has assigned errors as follows:

"I

"The Trial Judge erred in holding as a matter of law that the holographic writing attached to the Record in this cause and forming a part thereof could not be admitted to probate because it does not bear the signature of the decedent, Maude Hall Jones, within the requirements of Tennessee Code Section 32-105 (R. p. 7).

"This action on the part of the Trial Judge was in error for the reason that said holographic writing complies with all the provisions of the statutes of Tennessee relating to the execution of holographic wills. This is particularly true in view of the Court's finding that all of the material provisions of said holographic will are in the handwriting of the deceased and said material provisions appear immediately below the valid signature of said deceased.

"The action of the Court was further erroneous because the Record is clear that the decedent in writing said holographic will intended to adopt or integrate her previous signature in said holographic writing.

"II

"The Trial Court erred in holding that the name 'Maude' appearing in said holographic will, although in the handwriting of said decedent, is not a signature which meets the requirements of the statute. (R. p. 7)

"The above action of the Court was in error because the name 'Maude' appearing in said holographic will was, in fact, the first name of said decedent, clearly referred to the decedent, and under the law of Tennessee could and did operate as a signature so as to meet all of the necessary requisites of the statutes of Tennessee pertaining to the execution of holographic wills."

The questions posed by the Assignments are simply these:

(1) Does the name "Maude Hall Jones", appearing on the same page with the script which she had written as and for her will, comply with the provisions of Section 32-105, T. C. A., which provides that the signature must be in the handwriting of the testator, all other provisions of the law having been fully established?

(2) Does the name "Maude" appearing in the script in question propounded as the holographic will of Maude Hall Jones, comply with the provisions of Section 32-105, T. C. A., which provides that the signature must be in the handwriting of the testator, all other provisions of the law having been established?

█ Since this is an appeal to this Court directly from the Probate Court of Shelby County, denying the probate of a holographic will, counsel for appellant has properly seen fit to show in his brief authority for this Court to take jurisdiction of and entertain this appeal.

The Probate Court of Shelby County was created by Chapter 86, Private Acts of the General Assembly of the State of Tennessee of 1870. By Sec. 2 thereof, it is

given original jurisdiction of all probate matters, and provides that:

"From the judgment of said Probate Court an appeal shall lie directly to the Supreme Court of this State and no other court."

The Act was passed prior to the creation of the Court of Appeals and since the creation of this Court, the Supreme Court of this State has held that the appeal from said Probate Court in such matters as we are now considering, is to this Court. The authorities enumerated in appellant's brief supporting her counsel's contention are accepted as authority by this Court and are as follows: Private Acts of 1870, Chapter 86; Phillips' Pritchard Law of Wills, p. 44; T. C. A., Sec. 27-402; Sizemore v. Rinehart, 193 Tenn. 475, 477, 246 S. W. (2d) 91; In re De Franceschi's Estate, 17 Tenn. App. 673, 70 S. W. (2d) 513. It is obvious that this appeal provision does not apply to a will contest proceedings which is specifically regulated by T. C. A. Sec. 32-401 to 32-408 inclusive.

In Tennessee it is not necessary to its validity that a testator's name appear at the end of a holographic will. It is sufficient that his name is subscribed elsewhere in the will. T. C. A. Sec. 32-105; Nicley vs. Nicley, 1954, 38 Tenn. App. 472, 476, 276 S. W. (2d) 497; Tate v. Tate, 30 Tenn. 465; Hooper v. McQuary, 45 Tenn. 129; Phillips' Pritchard Law of Wills, Vol. 1, Sec. 235, p. 243; Page on Wills, Lifetime Ed., Vol. 1, p. 704, Secs. 389, 390. It is well settled that the form of a paper does not affect the right to have it probated, if it was the intention of deceased that it operate after his death, even if he was unaware at the time he was performing a testatmentary act. Carver v. Anthony, 35 Tenn. App. 306, 312, 245

S. W. (2d) 422; Jones v. Jones, 163 Tenn. 237, 43 S. W. (2d) 205. It is not necessary by the laws of this State that a holographic will be dated. T. C. A. Sec. 32-105; Nicley v. Nicley, supra; Pulley v. Cartwright, 23 Tenn. App. 690, 137 S. W. (2d) 336; 57 Am. Jur., Sec. 636, pp. 434, 435.

In the instant case, it was necessary to show that the questioned holograph was executed since February 15, 1941. T. C. A. Secs. 32-105, 32-108. The Trial Court found, and properly so, that the holograph in question was written subsequent to January 26, 1952, setting out his reason for so decreeing.

The fact that there appears certain typewriting from the old will executed by Maude Hall Jones in 1932 on the same page of the holograph does not invalidate the holograph, because that part of the typewriting so appearing is in no wise material to the provisions of the holograph, nor any part thereof. T. C. A. Sec. 32-105; Jones v. Myers, 178 Tenn. 24, 154 S. W. (2d) 245. In the case of Jones v. Myers, supra, the holograph of W. M. Jones was executed prior to the enactment of Chapter 125, Acts of 1941, and it had his wife's name, Sallie C. Jones, signed to it in her handwriting. All the remainder was in the handwriting of W. M. Jones whose name was also signed to the holograph. In that case, our Supreme Court quoted with approval the Opinion of the Supreme Court of Utah in Re Yowell's Estate, 75 Utah 312, 331, 333, 285 P. 285, 295, as follows:

"A strict adherence to the statute which requires that an holographic will must be entirely written, dated, and signed by the testator does not, however, demand that the paper upon which an holographic

will is written shall be free from all writing and printing not in the handwriting of the testator. The test is: If the testator intended that any word or figure, not in his handwriting, should be a part of his will, then the instrument is not a valid holographic will, but, on the other hand, if words or figures not in the handwriting of the testator appear on the testamentary instrument which were not intended by the testator to be a part of his will, then the instrument is entitled to be admitted to probate as an holographic will, provided such instrument meets the other statutory requirements."

As shown by Assignment of Error I, heretofore set out in this Opinion, counsel for appellant insists that it was the intention of the writer of said holograph "to adopt or integrate her previous signature in said holographic writing". The previous signature referred to by counsel is that of "Maude Hall Jones" which the Probate Court found to be the genuine, valid signature of the writer of the holograph, but because she wrote it in 1932 and wrote the balance of the holograph in 1952, the contention of counsel for appellant was not sound, in that the signature having been made in 1932 was not her signature made by her in compliance with the law so as to make the holograph legally executed.

It is further the insistence of counsel for appellant that even if the signature "Maude Hall Jones" is not any part of the script propounded as her will so as to comply with the statute, the word "Maude" appearing in the will in the handwriting of the testatrix, constitutes a compliance with our statute so far as signature is concerned. The Trial Court held this contention erroneous

because the written instrument showed that the name "Maude" was used together with the name "Loretta", descriptive of the joint account which the deceased had in the Poplar Plaza Branch of the First National Bank, and not as a signature to her will.

If we are to approve the rule heretofore stated and laid down in the case of Carver v. Anthony, supra, and Jones v. Jones, supra, wherein it is said that though the testator might be unaware that he was performing a testamentary act, if he intended that it take effect after his death, all other provisions of the law having been complied with, it was proper to probate it as his will. When the name "Maude" was used in the script, in the same handwriting as the balance of the script, whether she actually meant for that name to complete a testament or merely for descriptive purposes, if her intention was that the document take effect after her death and the name was sufficiently descriptive so that there would be no mistake as to who had written the script, under the same rule may it not be said that the requirements of the statute respecting a holographic signature were complied with?

In Campbell v. Henley, 172 Tenn. 135, 110 S. W. (2d) 329, it is said that there is no "distinction between a holographic will and one under the general statute" on the question of incompleteness since "a holographic will when the requirements of statute are complied with, is of the same dignity as a will attested by subscribing witnesses." Under the law, a witnessed will does not now have to be signed in the presence of witnesses. The signature may be acknowledged to be that of the testator before the witnesses regardless of when or where it was

signed. The handwriting of the testator in the body of a holographic will with his genuine signature attached in such way and manner as we find it in the instant case constitutes the witnesses to the signature or the name of the testator in his handwriting as convincingly as if he had appeared before the witnesses and acknowledged this signature which had been made by him prior to that time.

Many of our reported Opinions with respect to the execution of wills in Tennessee, have minutely dealt with the legal execution of wills in accord with the ecclesiastic law governing the execution of wills in Tennessee, prior to the enactment of any of our statutes regulating the execution of wills, and there seems to be no necessity for this Opinion to include such legal history. Suffice it to say that our statutes providing for the execution of witnessed wills, holographic wills, and nuncupative wills, through processes of amendment have greatly liberalized the methods of executing such documents. A review of our statutes since our first enactment respecting the requisite requirements for the execution of wills, and Chapter 22 of the Acts of 1784 to the adoption of T. C. A., and particularly Chapter 125 of the Acts of 1941, bear out the truthfulness of this statement.

A study of the questions here involved include an examination of the statutes of many states of the Union, particularly with respect to the execution of holographic wills. Some of them expressly provide that such documents must be dated. Some provide that the name of the testator must be at the end of the document, and others provide for detailed methods of execution which

are not found in our statutory requirements. With respect to witnessed wills prior to the passage of Chapter 125, Acts of 1941 there was no such thing as the testator signing his will at some place and time different from the attesting witnesses subscribing their names to same, but by the present Act, this may be done just so he acknowledges the signature so made, at some former time and other place, to be his signature before the attesting witnesses.

Prior to the passage of the Act of 1941, a holographic will had to be preserved among the valuable papers of the testator or turned over by the testator to someone to keep.

In Smith v. Smith, 1949, 33 Tenn. App. 507, 232 S. W. (2d) 338, it was held that proving the preservation of such document with other valuable papers, under the general rule of evidence, was still competent only as relates to the question of intention of the testator to have the document operate as a will.

In the instant case, we are not having to deal with the question of intention except as it relates to the proper execution. Did Maude Hall Jones intend her name as written at a prior date by her to be her signature to the script?

█ It is true we are dealing with a will which, if valid, bequeaths the entire estate of the testatrix, all of which is personal property, as found by the Lower Court and so shown in his Decree, but in Tennessee, under the present law, there is no distinction between the requirements for execution of a valid devise of different classes of property.

Let us suppose that in the case now before us, Maude Hall Jones had simply cut or clipped her signature, showing her full name where it had been used and signed by her to the witnessed will, had placed it and pasted it on or clipped it to the sheet containing her holographic will, and it had been shown by satisfactory proof when the will was offered for probate that such had been the case, could it be said that the signature was not her signature as provided by Section 32-105, T. C. A.?

Now where Maude Hall Jones had detached every part of her witnessed will and destroyed it, thereby revoking the same, and left nothing except the witnessing clause and her signature and that of the attesting witnessees to that part of the paper which she retained from her witnessed will, would not her name still be her signature, if proven that she made it? In other words, did she destroy her name as having been her signature when made in her own handwriting and retained by her? She left her signature on that piece of paper and wrote below, saying:

"I have nothing much to leave", etc.

The antecedent to that personal pronoun "I" as we look at this document can be nothing except the name "Maude Hall Jones". Had it been written after the pronoun, we certainly think there could be no question that the statute had been perfectly complied with, for it has been held time and time again that the name does not have to appear at the end of the will, both before and since the passage of Section 32-105, T. C. A.

■■ As we view the questioned sheet of paper on which the script is written, it constitutes a valid holograph, as fully as if she had begun it by saying—

"The above is my genuine signature, and I have nothing much to leave", etc.

As we see this case, it does not present the question of the adoption of a signature or former act as that of a testatrix. Neither does it present a question of integration. It is true that a person may adopt an act of another as that of their own and they may adopt a valid act of their own as a legal act. It is also true that there may be integrated into a will, documents and papers that have been properly referred to in the will. In the strictest legal sense, a genuine valid signature needs no integration, in accord with our statutory provisions respecting holographs, neither does a valid genuine signature need any adoption. Regardless of whether or not the doctrine of integration or adoption does or does not apply to a holographic will, it seems to us that this genuine signature "Maude Hall Jones", while used originally in connection with a witnessed will which had been revoked in the manner herein referred to, has been perfectly validated as the genuine signature of the holograph, and all our Act requires is that the script, together with the signature, be in the handwriting of the testatrix. The Probate Court found and decreed the name "Maude Hall Jones" to be her "valid signature", it follows that this "valid signature" then is all Section 32-105 T. C. A. requires, when such signature is attached to a holographic will.

We feel constrained to sustain both Assignments of Error and thereby reverse the Decree of the learned Probate Judge in accord with this Opinion.

The cause will be remanded to the Probate Court of Shelby County with instructions that the script be admitted to probate by proper order of that Court in accord with this Opinion. All of the costs of this cause will be paid out of the funds coming into the possession of the Administrator of the Estate of Maude Hall Jones.

Decree will be entered in this Court in accord with this Opinion.

Carney and Bejach, JJ., concur.

Appendix To Be Published

Avery, P. J. (Western Section).

This Opinion involved the construction of our Statute providing for the legal execution of holograph wills, and it being an ex parte proceeding to probate a will in common form, and there being no counsel to file Petition for Certiorari with the Supreme Court, counsel for proponent has requested the publication of this Opinion. All members of this Division of the Court of Appeals have acceded to his request, and it is offered for publication with the express statement that it has not been approved by the Supreme Court of this State.