**Mary Jane EZELL, Executrix of the Estate of Theo F. Ezell, Deceased, Appellant,**

v.

**Bob BUHLER, Administrator of the Estate of Mrs. Nell Hobbs, Deceased, Appellee.**

Supreme Court of Tennessee.

Aug. 22, 1977.

John Wm. Martin, Reed & Martin, Lebanon, for appellant.

Robert T. Rochelle, Rochelle & Callis, Lebanon, for appellee.

## OPINION

BROCK, Justice.

The only issue which we are at liberty to consider upon this appeal is whether or not the Circuit Court erred in holding that it had no jurisdiction of the appeal to that court from the judgment of the County Court overruling the appellant's exception to a claim filed by the appellee against the estate of her decedent. We affirm the judgment of the Circuit Court.

The appellee, administrator of the estate of Mrs. Nell Hobbs, deceased, on June 20, 1975, filed a claim for rent against the estate of Theo F. Ezell, deceased, in the County Court, which was administering the Ezell estate. Appellant, executrix of the Ezell estate, filed an exception to the claim on November 6, 1975. Thereafter, appellant sought to withdraw her exception and moved the court to dismiss the claim on the ground it had not been filed in proper form. Since publication of the notice to creditors began on January 23, 1975, the time for filing exceptions to claims would ordinarily expire at the end of six months, plus thirty days, from that date, or, on August 22, 1975. See T.C.A., § 30–517. Accordingly, the County Judge dismissed appellant's exception and awarded judgment against the Ezell estate for the rent claim.

Appellant appealed the County Court judgment to the Circuit Court which concluded that jurisdiction of such appeals is not in the circuit court, but is exclusively in the Court of Appeals or the Supreme Court. Accordingly, the appeal was dismissed.

T.C.A., § 30–518, in pertinent part, provides:

"The county or the probate court . . . shall hear and determine all issues arising upon all such exceptions. . . . and from [the judgment] an appeal may be perfected within thirty (30) days from the date of entry of the judgment, to the Court of Appeals or the Supreme Court, as the case may be."

In *Rowan v. Inman,* 207 Tenn. 144, 338 S.W.2d 578 (1960), this Court construed this statutory provision to mean that the only review of a judgment of a county or probate court allowing or striking exceptions to a claim against an estate was by appeal to the Court of Appeals or the Supreme Court. Accord, *Browne v. Browne,* Tenn., 547 S.W.2d 239, 241 (1977). The language of the statute, ". . . as the case may be," has been held to be equivalent to a provision that the appeal lies to the Court of Appeals or the Supreme Court, as provided by T.C.A., § 16–408, as that section has been construed by the Supreme Court. *Sizemore v. Rhinehart,* 193 Tenn. 475, 246 S.W.2d 91 (1952).

It is obvious that the Circuit Court was correct in holding that that court was without jurisdiction of the appeal in this case and in dismissing the appeal.

Unfortunately, we are not at liberty to consider alleged errors in the judgment of the County Court since no appeal from that court was prayed and granted to this Court; only the judgment of the Circuit Court was appealed to this Court.

The judgment of the Circuit Court is affirmed and costs are taxed against appellant and surety.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.