IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 15, 2010 Session

IN RE: THE ESTATE OF ELMA WARD

**Direct Appeal from the Probate Court for Madison County**
**No. 09-14684      Christy R. Little, Judge**

**No. W2010-00287-COA-R3-CV - Filed July 9, 2010**

This case involves the validity of a holographic will. Appellant, son of the decedent, appeals the trial court's finding that the holographic will was valid, arguing that the document did not comply with the statutory requirements of Tenn. Code Ann. §32-1-105. Finding that the presence of more than one signature, the location of the signatures, and the fact that the document contains both handwritten and typewritten sections does not negate the validity of a holographic will, we affirm.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Probate Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

John Van Den Bosch, Jr., Jackson, Tennessee, for the appellant, Jimmy B. Ward.

Teresa A. Luna, Jackson, Tennessee, for the appellee, Teresa Frazier.

Harold F. Johnson, Jackson, Tennessee, for the appellee, Robert Ward.

**OPINION**

Elma Kathryn Ward died on September 10, 2008, at the age of seventy-seven. On October 13, 2009, Teresa Frazier petitioned the Madison County Probate Court to probate a holographic will and for appointment of personal representatives for the Estate of Elma Ward ("Appellee").[1] A document, purporting to be the last will and testament of Ms. Ward,

_____

[1] Ms. Frazier is co-executor for Ms. Ward's Estate.

was attached to the petition.[2]  This document contains two typewritten sections, separated by one handwritten section.  The document reads:

[Typewritten section] October 14, 1987

All of our worl[d]ly things, which we owne [sic] will not be sold, given away, borrowed or otherwise disposed of, until[] one year after either of our death.  The one that is left can do what they think is best for them.  This includes house, land, trucks, cars, boats, shop & all contents, and contents of the house.

[A signature, purporting to be that of Elma Ward is located here]

[Handwritten section] To whom[] it's [sic] concern[ed]:

Everything we own will be sold at both our death[s].  Patricia B. Smith–leave to her $1,000 in cash.  She has been a dear daughter to her stepdad and me.  Jimmy Buchanan [$]200.  Diane Buchanan Moorehead $200.

The rest of the cash from the sale be divided between Sheila Willis, Teresa L. Ward Frazier, Robert E. Ward.

[A notary seal, with the signature of Jimmy Wells, is located here.  The date "2/2/99" is handwritten above Mr. Wells' signature, and the date "4/18/2001 is handwritten below Mr. Wells' signature.]

[Typewritten section, identical to that above, is included a second time at this place in the document]

[Following the typewritten section, the document contains the signature of Edward Ward and a second signature purported to be that of Elma K. Ward.  A second notary seal follows these

_____

[2] Although a copy of the purported will was attached to the petition to probate, the actual document was entered into evidence at the hearing and is contained in the appellate record.

-2-

signatures, which seal is signed by Jimmy Wells with the handwritten dates of 2/12/99, and 4/18/2001.]

Along with the writing, Ms. Frazier attached two affidavits to the petition. The first is the affidavit of Jo McClure, Ms. Ward's sister. Ms. McClure avers that she is familiar with her sister's handwriting, and that the signature on the purported will is that of Ms. Ward. The second affidavit is that of Rita Mathis, a friend of Ms. Ward. She, too, attests to her familiarity with Ms. Ward's handwriting, and avers that the signature on the proferred writing is that of Elma Ward.

On November 10, 2009, Appellant Jimmy Buchanan Ward, the natural son of Elma Ward, filed a motion to dismiss and objection to the probate of the purported will. Therein, Mr. Ward asserts that the proferred writing is not a holographic will and, specifically, that it does not meet the statutory requirements. Consequently, Mr. Ward argued that his mother died intestate.

By Order of November 30, 2009, the trial court found that the affidavits of Ms. McClure and Ms. Mathis were insufficient to prove the handwriting of Ms. Ward, and that Mr. Ward should have the opportunity to cross examine these witnesses in open court. To that end, the trial court set the matter for hearing.

The petition, and objection thereto, were heard on December 14, 2009. The only witnesses were Ms. McClure and Ms. Mathis. On December 14, 2009, the trial court entered its order, admitting the will to probate. The trial court specifically found that "the paper writing bears the true signature of the Deceased based on the two witnesses that verify her signature."[3] Mr. Ward appeals, and raises one issue for review:

> Does the paper writing, offered in Probate Court as the holographic will of Elma Kath[ryn] Ward, meet the requirements of [the] Code?

The construction of wills is a question of law for the court. *Presley v. Hanks*, 782 S.W.2d 482, 487 (Tenn. Ct. App.1989). The validity of a will is a question of fact, as determined from all the evidence, intrinsic or extrinsic, as to whether the testatrix intended the writing to operate as a will. *In re Estate of Cook*, No. E2001-02062-COA-R3-CV, 2002 WL 1034016 at *2 (Tenn. Ct. App. May 23, 2002) (citing *Scott v. Atkins*, 314 S.W.2d 52,

---

[3] An amended order, admitting the will to probate, was filed on January 27, 2010.

56 (Tenn. Ct. App. 1957)).  A review of findings of fact by a trial court is *de novo* upon the record, accompanied by a presumption of correctness; we must affirm findings of fact unless the preponderance of the evidence is otherwise. Tenn. Rule App. P. 13(d); ***Brooks v. Brooks***, 992 S.W.2d 403, 404 (Tenn.1999). Review of questions of law is *de novo*, without a presumption of correctness. *See **Nelson v. Wal Mart Stores, Inc.***, 8 S.W.3d 625, 628 (Tenn.1999).

A holographic will need not be dated nor name an executor to be valid. ***Nicley v. Nicley***, 276 S.W.2d 497, 500 (Tenn. Ct. App. 1954).  The requirements for a valid holographic will in this State are as follows: "No witness to a holographic will is necessary, but the signature and all its material provisions must be in the handwriting of the testator and the testator's handwriting must be proved by two (2) witnesses." Tenn. Code  Ann. § 32-1-105; *see also **Smith v. Smith**,* 232 S.W.2d 338, 341 (Tenn. Ct. App. 1949).[4]  In addition, "a testamentary intent must accompany the performance of the statutory requirements and this must be proven in a manner which conforms to applicable rules of evidence and procedure." ***Smith***, 232 S.W.2d at 341. "A holographic will, when the requirements of the statute are complied with, is of the same dignity as a will attested by subscribing witnesses." ***Campbell v. Henley***, 110 S.W.2d 329, 332 (Tenn. 1937).

In the present case, the writing at issue contains Ms. Ward's signature in two places. On appeal, Mr. Ward argues that, because Ms. Ward's signature does not follow the handwritten portion of the document, this fact negates the document's validity as a holographic will under the statute.  We disagree.

While a holographic will must contain the signature of the testator, Tenn. Code Ann. §32-1-105, and the testator's handwriting must be proved by two witnesses, *Id*., "[i]n Tennessee, it is not necessary to its validity that a testator's name appear at the end of a holographic will." ***In re Jones' Estate***, 314 S.W.2d 39, 44 (Tenn. Ct. App. 1957).  Rather, "[i]t is sufficient that his [or her] name is subscribed elsewhere in the will." *Id*.  This tenet is substantiated in <u>Pritchard on Wills and Administration of Estates</u>:

### §228.  Signature of testator.

The will must have the testator's name subscribed to it or

---

[4]We note that the trial court did not make an explicit finding that the holographic will was in the handwriting of Ms. Ward.  However, this issue has not been raised on appeal and is therefore waived. ***Osborne v. Mountain Life Ins. Co.***, 130 S.W.3d 769, N.6 (Tenn. 2004).  Furthermore, we have reviewed the evidence and find sufficient evidence in the record to support a finding that all of the material portions of the holographic will were in the handwriting of Ms. Ward.

inserted in some part of it. So far as the validity of the instrument is involved, and except to cut off any presumption that the instrument is incomplete because not signed at the end, it is immaterial in what part of the will the name occurs. The statute must be complied with, however, and the name must be subscribed to or inserted in the will.

1 Jack W. Robinson, Sr., Jeffrey Mobley, & Andra J. Hedrick, Pritchard on Wills and the Administration of Estates Embracing the Law and Practice in Tennessee §228, at 356 (6th ed. 2007). (footnote omitted).

Based upon the foregoing, the fact that Ms. Ward's signature is not located directly below the handwritten portion of the document is immaterial to the validity of the writing. Moreover, both Ms. McClure and Ms. Mathis testified that both the handwriting and the signatures were that of Ms. Ward. Mr. Ward submitted no evidence to challenge the testimony of Ms. McClure and Ms. Mathis. Consequently, the evidence in the record preponderates in favor of the trial court's finding that the handwriting and signatures were Ms. Ward's.

The fact that the writing contains two signatures does not negate its validity. As addressed by this Court in **McDaniel v. Owens**, 281 S.W.2d 259 (Tenn. Ct. App. 1954), the presence of additional signatures on a holographic will is "immaterial and should be treated as surplusage." **Id**. at 261. Also, the fact that the writing contains both typewritten and handwritten sections does not invalidate it. As stated by this Court in **In re Jones' Estate**:

'A strict adherence to the statute which requires that a[] holographic will must be entirely written, dated, and signed by a testator does not, however, demand that the paper upon which a[] holographic will is written shall be free from all writing and printing not in the handwriting of the testator. The test is: If the testator intended that any word or figure, not in his handwriting, should be a part of his will, then the instrument is not a valid holographic will, but, on the other hand, if words or figures not in the handwriting of the testator appear on the testamentary instrument which were not intended by the testator to be a part of his will, then the instrument is entitled to be admitted to probate as [a] holographic will, provided such instrument meets the other statutory requirements.'

-5-

*In re Jones' Estate*, 314 S.W.2d at 44 (quoting *In re Yowell's Estate*, 285 P. 285, 295 (UT 1930)). Here the typewritten portions are not intended to be a part of Ms. Ward's will. Therefore, the typewritten portions are not material to the holographic will, nor are they any part thereof. *In re Jones' Estate*, 314 S.W.2d at 44.

Because additional signatures, location of the signatures, and typewritten portions do not negate the validity of a holographic will, from our review of the writing at issue in this case, and from the record as a whole, we conclude that the trial court correctly admitted the writing to probate in solemn form as the holographic last will and testament of Elma Ward.[5]

For the foregoing reasons, the order of the probate court is affirmed. Costs of this appeal are assessed against the Appellant Jimmy Buchanan Ward, and his surety.

_____
J. STEVEN STAFFORD, JUDGE

---

[5] There are two types of probate in Tennessee: probate in common form and probate in solemn form. *Delaney v. First Peoples Bank of Johnson City*, 380 S.W.2d 65, 69 (Tenn. 1964); 1 Jack W. Robinson, Sr., Jeffrey Mobley & Andra J. Hedrick, Pritchard on the Law of Wills and Administration of Estates Embracing the Law and Practice in Tennessee, § 326, at 469 (6th ed. 2007). Probate in common form is an extremely informal procedure. *McClure v. Wade*, 235 S.W.2d 835, 843 (Tenn. Ct. App.1950); 1 Pritchard § 332, at 478. There is no requirement that interested parties be given notice of the proceedings, Tenn. Code Ann. § 30-1-117(b); *Reaves v. Hager*, 50 S.W. 760, 762 (Tenn. 1899); *In re Estate of Powers*, 767 S.W.2d 659, 660 (Tenn. Ct. App.1988); 1 Pritchard § 332, at 478, and a judicial hearing is not required to have the will admitted to probate, Tenn. Code Ann. § 16-16-201(b).

Prior to the entry of an order admitting a will to probate in common form or in solemn form, the will can be challenged directly by means of a will contest. 1 Pritchard §§ 353, at 505, and 367, at 523. However, because of the procedural and evidentiary distinctions between the two types of probate proceedings, the conclusiveness of an order admitting a will to probate differs depending on whether it was admitted to probate in common form or in solemn form. 1 Pritchard § 326, at 469-70. Historically, orders of both types have been immune from attack in all collateral proceedings absent allegations of fraud in the procurement of the order itself. *See, e.g., Ledbetter v. Ledbetter*, 216 S.W.2d 718, 721 (Tenn. 1949); *Murrell v. Rich*, 175 S.W. 420, 427 (Tenn. 1914). However, even after an order has been entered admitting a will to probate in common form, the will can still be challenged directly in a will contest at any time up to two years following the date of entry of the order. Tenn. Code Ann. § 32-4-108; *Murrell v. Rich*, 175 S.W. at 427; 1 Pritchard §§ 339, at 485, and 367, at 523. By contrast, once an order admitting a will to probate in solemn form has been entered, the will cannot be challenged in a later will contest. *Jennings v. Bridgeford*, 403 S.W.2d 289, 291 (Tenn. 1966); 1 Pritchard § 326, at 469-70. Thus, if there is to be a will contest at all in proceedings to probate a will in solemn form, it must be initiated prior to the entry of the final order. *Id*.