IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 1, 2021

## IN RE ESTATE OF MICKI D. THOMPSON

**Appeal from the Chancery Court for Sumner County**
**No. 2019-PR-519      Louis W. Oliver, III, Chancellor**

_____

## No. M2021-00025-COA-R3-CV

_____

This appeal arises from a petition to probate a handwritten instrument as a codicil to the decedent's last will and testament. The parties stipulated that the purported holographic will was in the handwriting of the decedent and that she was of sound mind and disposing memory at the time the purported holographic will was written. Additionally, the trial court found that the writing expressed a testamentary intent on the part of the decedent. Nevertheless, the trial court denied the petition, holding that the writing did not satisfy the signature requirement of Tenn. Code Ann. § 32-1-105 because, *inter alia,* the decedent's name, Micki D. Thompson, was not subscribed to the writing. Instead, she merely identified herself within the writing in the third person as "Micki." The court found the word "Micki" was not the decedent's signature. The petitioner appeals, contending the handwritten instrument satisfies Tenn. Code Ann. § 32-1-105 because a testator's name need not be "subscribed" as long as the name, or a portion thereof, is "inserted in some part of [the writing]" and the other requirements of Tenn. Code Ann. § 32-1-105 are satisfied. We agree because the decedent's name was inserted in the writing, it was established that she was of sound mind and disposing memory, and the writing expresses a testamentary intent on the part of the decedent. Therefore, we reverse and remand with instructions to admit the handwritten instrument to probate as a codicil to the decedent's last will and testament.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Reversed and Remanded**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

Ronald K. Nevin, Nashville, Tennessee, for the appellant, Albert Read Lewin.

Philip C. Kelly, Gallatin, Tennessee, for the appellee, Estate of Micki D. Thompson.

## OPINION

The Estate of Micki D. Thompson ("the Estate") was opened on November 14, 2019, in the Chancery Court for Sumner County, Tennessee. At that time, a last will and testament, dated July 25, 2013, along with two codicils, dated July 23, 2016, and March 3, 2017, were admitted to probate. William Richard Brooks was appointed Executor.

On July 20, 2020, Albert Read Lewin filed a petition to probate a handwritten instrument as the third codicil to the 2013 will. The Estate filed a timely objection to the handwritten instrument being admitted to probate.

The purported third codicil, which was written in a Bible owned by Mr. Brooks,[1] was very brief and stated in its entirety:

July 22, 2019

Owner [of the Bible]: William Richard Brooks

Albert Read Lewin—shall receive $3,000 per month for life—This is appreciation for his care and complete dedication to Micki and her welfare.
He gave <u>All</u> in making her life-

The parties agreed and stipulated that the above writing was in Ms. Thompson's handwriting. Further, the parties agreed that Ms. Thompson was "of sound mind and disposing memory" on the date the statement was written. The Estate, however, argued that the inscription lacked a sufficient signature; therefore, it was not a valid holographic will or codicil under Tenn. Code Ann. § 32-1-105.

In its final order, and after acknowledging the parties' agreements and stipulations as to the evidence, the trial court made the specific finding that "the handwriting was the handwriting of the Decedent and that she was of sound mind and disposing memory at the time the note was written." The court also found that the handwritten instrument "expresse[d] a testamentary intent on the part of Ms. Thompson as written on July 22, 2019." The court then stated that "[t]he question then comes down to whether or not the Decedent intended that her name 'Micki' would constitute her signature." In its analysis of this issue, the court reasoned and held:

T.C.A. 32-1-105 sets out the requirements for holographic wills. It states, "No witness to a holographic will is necessary, but the **signature** (emphasis added) and all it[s] material provisions must be in the handwriting of the testator and the testator's handwriting must be proved by two (2) witnesses."

---

[1] Although the Bible was owned by Mr. Brooks, Ms. Thompson's close friend, the Bible was found among Ms. Thompson's personal property.

The Court notes that the Decedent referred to herself in the third person rather than in the personal pronoun. Based upon the foregoing, the Court finds that the word "Micki" is not the signature of the Decedent and that the paper writing does not contain the signature of the Decedent. Therefore, the Court denies the admission of the paper writing as the codicil to the Estate of MICKI D. THOMPSON.

This appeal followed.

## ISSUE

The issue presented by the Estate, and agreed to by Mr. Lewin, reads: "Does Micki Thompson's name, appearing within the body of a holographic will, constitute a signature pursuant to Tenn. Code. Ann. § 32-1-105?" We have determined that a more accurate statement of the dispositive issue is whether the testator's insertion of her first name "Micki" within the body of the handwritten instrument satisfies the signature requirement under Tenn. Code. Ann. § 32-1-105.

## STANDARD OF REVIEW

The standard of review of a trial court's findings of fact is de novo, and we presume that the findings of fact are correct unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Rawlings v. John Hancock Mut. Life. Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999).

Issues of law are reviewed de novo with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999). The interpretation of a statute is a question of law, which we review de novo without any presumption of correctness. *Tidwell v. City of Memphis*, 193 S.W.3d 555, 559 (Tenn. 2006). If the evidence does not preponderate against the trial court's findings, we will affirm the trial court's determinations "unless the trial court has committed an error of law affecting the outcome of the case." *Boyer v. Heimermann*, 238 S.W.3d 249, 254–55 (Tenn. Ct. App. 2001).

## ANALYSIS

Tennessee Code Annotated § 32-1-105, which is generally referred to as the Holographic Will Statute, provides: "No witness to a holographic will is necessary, but the signature and all its material provisions must be in the handwriting of the testator and the

testator's handwriting must be proved by two (2) witnesses."[2] Nevertheless, "[i]t is not necessary to its validity that a testator's name appear at the end of a holographic will. It is sufficient that his name is subscribed elsewhere in the will."[3] *In re Jones' Estate*, 314 S.W.2d 39, 44 (Tenn. Ct. App. 1957). Moreover, and with specific reference to testamentary instruments, "**[a] signing of part of the name, if done with testamentary intent, may be sufficient.** 1 Andra J. Hedrick, Jeffrey Mobley, Jack W. Robinson, Sr., *Pritchard on the Administration of Wills and Estates* § 204 (7th ed. 2009) (emphasis added).

However, "[i]f the instrument propounded as a holographic will is . . . not subscribed by the testator, though his name is inserted in some part of it, . . . the presumption is that the writer **did not** intend the paper in that imperfect state to be his will." *Campbell v. Henley*, 110 S.W.2d 329, 330 (Tenn. 1937) (emphasis added). But this "**presumption may be rebutted by satisfactory proof that [the instrument] was intended, in the form in which it appears and as far as it goes, to be the last will and testament of the deceased**." *Id*. (emphasis added).

The parties agree that Tenn. Code Ann. § 32-1-105 is controlling. They also agree that Ms. Thompson was of sound mind and disposing memory at the time of the execution and that the handwriting of the inscription is that of Ms. Thompson.

As for testamentary intent, the trial court made the specific finding that Ms. Thompson's inscription demonstrated testamentary intent. As noted above, we presume the trial court's findings of fact are correct unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d). For the evidence to preponderate against this finding of fact, it must support another finding of fact with greater convincing effect. *See Walker*, 40 S.W.3d at 71. Having determined that the evidence does not support another finding of fact with greater convincing effect, we conclude that the evidence does not preponderate against the trial court's finding of testamentary intent. Accordingly, we affirm the trial court's finding that the inscription demonstrated testamentary intent.

Although Ms. Thompson did not subscribe or insert her entire name into the handwritten instrument, she inserted her first name, "Micki," within the inscription. Thus,

---

[2] Tennessee Code Annotated § 1-3-105, which defines terms used in the code, defines "signature" as including "a mark, the name being written near the mark and witnessed, or any other symbol or methodology executed or adopted by a party with intention to authenticate a writing or record, regardless of being witnessed[.]" *Id*. § 105(a)(30); *see Taylor v. Holt*, 134 S.W.3d 830, 832-33 (Tenn. Ct. App. 2003).

[3] At common law no attestation or subscription of a will was necessary to its validity. *Ragsdale v. Hill*, 684–85, 269 S.W.2d 911, 917 (Tenn. Ct. App. 1954). "The requirements of attestation, or subscription, or both, are purely of statutory origin." *Id*. (citing 57 Am.Jur., Wills, sec. 285). "In the absence of a statute which requires attestation, or subscription, or both, it is not necessary that a will or a testament shall be attested or subscribed by witnesses. *Id*. at 917-18.

the instrument was signed by Ms. Thompson with the use of part of her name and, as the trial court found, with testamentary intent. *See* Hedrick, Mobley, Robinson, Sr., *supra*, § 204. Therefore, we conclude that these facts overcame the rebuttable presumption that Ms. Thompson did not intend for the handwritten instrument to act as her valid will and hold that Ms. Thompson intended for the July 22, 2019, handwritten instrument to act as a codicil to her will.

For the foregoing reasons, we reverse the decision of the trial court and remand with instructions for the trial court to admit the July 22, 2019, handwritten instrument as the third codicil to Ms. Thompson's 2013 will.

**IN CONCLUSION**

The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against the Estate of Micki D. Thompson.

_____
FRANK G. CLEMENT JR., P.J., M.S.